[No. 1817. Decided August 5, 1895.]

THE GUARANTEE LOAN & TRUST COMPANY, *Respondent*, v. MILAS GALLIHER, *Appellant*.

APPEAL — ERRORS NOT RAISED BELOW.

Errors relied upon for reversal will not be reviewed by the appellate court, when the precise grounds of objection have not been called to the attention of the trial court and passed upon in that tribunal.

*Appeal from Superior Court, Thurston County.*

*Troy & Falknor,* for appellant.

*Strudwick & Peters,* for respondent.

The opinion of the court was delivered by

Scott, J.—This action, as against appellant, was brought to recover the balance due upon a promissory note which had been executed to him by a third party and negotiated by him to the respondent, after its maturity, he at the time indorsing the same in blank. No effort was made by the respondent to collect the note until nearly a year and a half had elapsed after its purchase.

Appellant's defense to the note, as indicated by his brief, is that under the transfer and guaranty, the respondent was bound to proceed within a reasonable time to collect the note, and that having failed to do so, appellant was released from liability. It is further contended that the court erred in allowing the respondent to introduce proof to the effect that at the time of the transfer of the note appellant had requested respondent to give the makers of the note additional time, and that he consented to such delay.

As to whether the respondent proceeded with reasonable diligence must depend upon the circumstances of the case, as there is no absolute rule for every case. But before deciding as to whether there is any merit in appellant's contention in this particular, we must consider certain matters urged by the respondent as to whether the questions sought to be raised by appellant here were presented to the lower court for determination.

It appears that appellant moved to strike an allegation contained in the complaint that he "requested plaintiff to let said note run as long as possible, in pursuance of which plaintiff allowed said note to run

until October 13, 1893," at which time respondent
sought to enforce payment. This motion was made
on the ground that the allegation was surplusage, im-
material and frivolous. The motion was overruled,
whereupon appellant demurred to the complaint on
the ground that it did not state facts sufficient to con-
stitute a cause of action, and the court overruled the
demurrer. No error can be based on the contention
of appellant in this respect. The allegation was ma-
terial under the circumstances, and it did not appear
at that time that such request was by parol and not in
writing.

Upon the trial of the cause appellant withdrew all
denials of the allegations of the complaint except the
one especially raised in his answer that he made no
request, contract or agreement of any kind or nature
whereby the plaintiff was to let the note in suit run as
long as possible, or for any length of time whatever.
Upon this issue the cause as to him was tried, and
testimony was introduced to support said allegation in
the complaint, whereby it appeared that appellant had
requested respondent to extend the time and allow the
note to run as claimed. No objection was made to
this testimony, but after its introduction appellant
moved to strike all of the testimony of the witness so
testifying except answers to the first five questions,
which related to other features of the case. This
motion was denied.

No ground was stated by appellant as a basis for the
motion, nor was any ground of objection urged against
the testimony, and we are unable to say from the
record that the question upon which appellant now
relies, to the effect that parol testimony was not ad-
missible to vary or contradict the contract implied by
the indorsement, if the testimony did tend to vary or

contradict it, was presented to the lower court, and such being the case, under the well settled rule in such cases, error cannot be based thereon. It must appear that the precise point upon which an appellant relies for a reversal was called to the attention of the lower court and passed upon. The motion may have been based upon another and entirely insufficient ground, and, if so, it would not be consonant with good practice that appellant should be allowed to urge a different ground upon appeal. This would not be doing justice to the adverse party or to the trial court, and would not be in keeping with the duties of appellate courts.

We are of the opinion that respondent's contention against the consideration of the questions sought to be raised by appellant is well taken, and that the judgment must be affirmed.

HOYT, C. J., and ANDERS, J. concur.

DUNBAR, J., dissents.

GORDON, J., not sitting.