[No. 4896. Decided September 25, 1905.]

E. J. DYER, TRUSTEE, *Appellant,* v. THE MIDDLE KITTITAS IRRIGATION DISTRICT OF KITTITAS COUNTY, WASHINGTON, *Respondent.*[1]

CONTRACTS—MODIFICATION BY PAROL. It is error to submit to the jury an issue as to whether a contract for the construction of an irrigating canal was modified by an oral agreement whereby the contractor agreed to carry on the work at his own expense, where the evidence, while showing that both parties believed that bonds would be ultimately issued, did not tend to prove a modification of the contract.

CONTRACTS—ESTIMATE OF ENGINEER—ENGINEER'S CONSTRUCTION OF TERMS—CONCLUSIVENESS—MISTAKE. A contract for the construction of an irrigating canal providing that the estimates made by the engineer shall be conclusive unless impeached for fraud, and that his decision defining the meaning and intent of the plans and specifications shall be final, refers to doubtful terms in the plans and specifications and does not give the architect power to define the plain terms of the contract; and an allowance by him for material strung

[1]Reported in 82 Pac. 301.

along the line of the canal, which the contract required to be "de-livered and in place," will be held to be a "mistake," which the courts will correct by deducting the sum allowed therefor in the engineer's estimate.

INSTRUCTIONS—EXCEPTIONS BY RESPONDENT—LAW OF CASE. Where instructions are not excepted to by respondents, they are binding upon them as the law of the case.

Appeal from a judgment of the superior court for Kittitas county, Rudkin, J., entered April 1, 1903, upon the verdict of a jury rendered in favor of the defendant, after a trial on the merits, in an action on contract. Reversed.

*Graves & Englehart,* and *Voorhees & Voorhees,* for appellant.

*Pruyn & Slemmons* and *Kauffman & Frost,* for respondent.

PER CURIAM.—In this action the appellant, as assignee of one Peter Costello, sought to recover from the respondent the sum of $43,713.18, alleged to be due for labor and materials, furnished the respondent by Costello in the construction of a certain irrigating ditch or canal, under a written contract entered into between Costello and the respondent. The contract under which the work was performed provided, among other things, that Costello should furnish all the necessary labor and materials, and construct the canal according to certain plans and specifications therein referred to, and to the satisfaction of the engineer in charge, and the approval of the board of directors of the respondent corporation; the respondent agreeing to pay the contractor for his labors at fixed rates per cubic yard for the necessary excavations, and fixed prices for each several article of material furnished. The contract further provided that estimates should be made monthly, by the engineer in charge, of the amount of work done and material delivered and put in place during the preceding month, and that the contractor should be paid ninety per centum of the amount

of such estimates, monthly, until the completion of the work, when a final estimate of the amount of work done should be made, and the balance ascertained and paid him; the respondent specially reserving the right to suspend the work at any time it saw fit, on giving ten days' notice, in which case it agreed to pay the contractor in full for all work done and materials furnished up to that time, at the rates provided for in the contract. It was also specially provided that the engineer should define the meaning, intent, and purport of the plans and specifications, and that his decision in all cases should be final.

The question of the sufficiency of the complaint was before this court in 25 Wash. 80, 64 Pac. 1009, where the facts stated were held sufficient to constitute a cause of action. After the cause was remanded, the respondent answered, putting in issue all of the material allegations of the complaint, and setting up, affirmatively, fraud in the performance of the work by the contractor, and fraud and collusion between the engineer and the contractor in making the estimates on which the action was based, by means of which a much larger sum was shown to be due on the estimates than would be due, had the estimates been made upon an honest computation of the work actually performed, and materials delivered and in place. The answer also set up an oral modification of the original contract, to the effect that the respondent, having become convinced that it would be unable to make the payments called for in the contract, at the times agreed upon, owing to its inability to sell the bonds from the sale of which it expected to obtain the necessary funds, notified Costello to cease work on the canal; whereupon Costello, being anxious to continue in the work, proffered to continue it at his own cost and expense, without liability on the part of the respondent other than for such sum as it should realize from the sale of its bonds, he agreeing to assume all of the risk and peril of a failure

to sell the bonds; and that the work and materials, to re-
cover which this action is brought, were performed and
furnished under such modified agreement. The reply denied
the affirmative matter contained in the answer.

On the issues thus made, a trial was had before a jury, in
which, at the conclusion of the evidence, the appellant moved
the court to discharge the jury, and render judgment in his
favor, according to the demand of the complaint. This
motion the court denied, submitting the case upon all of
the issues to the jury, who returned a general verdict for
the respondent. The appellant thereupon moved for a new
trial, and for judgment in his favor notwithstanding the
verdict. Before the motions were passed upon, the motion
for new trial was withdrawn, and the rights of the ap-
pellant submitted upon the other motion. This motion was
overruled, and judgment entered on the verdict.

The principal questions discussed in the briefs, and at
the bar, relate to the rulings of the court refusing to direct
a judgment in appellant's behalf. It is claimed that there
was no substantial conflict in the evidence as to the amount
due the appellant, and that there was no evidence to sub-
stantiate that part of the answer averring an oral modifica-
tion of the original written contract. On the latter of these
contentions, we agree with the appellant. The evidence did
not tend to prove a modification of the contract. Undoubt-
edly, both parties believed that the bonds would be ultimately
sold, and that the money due the contractor would be forth-
coming from that source, and it may be that the contractor
was more optimistic in this regard than were the officers of
the respondent; but the evidence falls far short of establish-
ing the proposition that the contractor undertook and agreed
to finish the work at his own cost and expense, without
liability on the part of the respondent, other than for such
sums as it should realize from the sale of its bonds. It
would serve no useful purpose, however, to set out the testi-

mony by which it was sought to establish this averment, and we shall not review it further.

As to the amount due the appellant, respondent claims that there was a sufficient dispute in the evidence to require the submission of this question to the jury. The appellant contends that this question was settled by the estimate made by the engineer, which, he argues, was conclusive upon all parties, unless impeached for fraud. The contract provides that the engineer shall define the meaning, intent, and purport of the plans and specifications, and that his decision in all cases shall be final; but this, it is plain, refers to the interpretation of doubtful and uncertain terms of the contract, not to the question of law presented by the language of the contract or specifications. This clause does not confer upon the engineer the power to vary the meaning of plain terms used in the contract, for if this were so, there would be no need of the writing, as the engineer's arbitrary assertion would be all-sufficient. Doubtless the estimate made by the engineer is *prima facie* evidence of the facts therein recited, but in the absence of a direct recital in the contract making it conclusive evidence of such facts, it would be going too far to hold it so, except in the absence of fraud or mistake.

Turning to the evidence, the estimate returned shows that the engineer included therein materials, to the value of nearly $1,935.46, for which the respondent was clearly not liable. The contract, not only in express terms, but from the very nature of the method of payment, provided that the respondent should be liable only for material actually used in the construction of the canal—that is, material "delivered and in place;" yet the estimate included some $1,935.46 worth of material that was merely strung along the line of the canal. The incorporation and allowance by the engineer of this item in the estimate constituted a "mistake," which the court is authorized to review. As to the balance of his estimates, there is no evidence establishing any fraud or

mistake. In his charge to the jury, the trial judge gave, among others, the following instructions:

"(3)    There has been received in evidence here an estimate made by the chief engineer of the defendant irrigation district, furnished as provided in the contract and plans and specifications for said work, and I charge you that this estimate is conclusive upon the parties to this action, and is binding upon you as to the amount of work done and materials furnished, and as to the classification of the work done and materials furnished, unless impeached for either fraud or mistake, and unless so impeached you must accept said estimate as true and correct, and the plaintiff will be entitled to recover the aggregate amount shown by said estimate according to the prices and classifications provided in the contract for such labor performed and materials furnished less the payment of $18,300, admitted to have been made thereon, together with legal interest on said amount from the time that said estimate was furnished to the date of your verdict.

"(4)    This, gentlemen of the jury, will be the amount of your verdict in favor of the plaintiff, unless you further find that the contract after its execution and before the performance of the labor and the furnishing of the material for which this action was brought was modified and changed by mutual consent of the parties thereto under the instructions I am about to give you."

These instructions do not appear to have been excepted to by respondent. They are therefore binding upon it as the law of the case. It follows from what has been said that appellant was entitled to judgment in the full amount of his claim, excepting for the item of $1,935.46.

The judgment of the honorable superior court is reversed, and the cause remanded with instructions to enter judgment in favor of appellant for the full amount claimed in his amended complaint, excepting said item of $1,935.46 and interest thereon.