[No. 16986.   Department One.   May 15, 1922.]

GEORGE B. MILLER, *Respondent,* v. W. W. SHEANE *et al.,*
*Appellants.*[1]

APPEAL (370)—REVIEW—SCOPE AND THEORY OF CASE.  In an action to foreclose a mechanics' lien, tried out below on the theory of oral modifications in the building specifications, proof of which was admitted without objection, the case will be tried on appeal on the same theory, without review of the question whether respondent was entitled to show such oral modifications.

SAME (322-1)—RECORD—ABSTRACT.  An abstract of the record is required by the rules to intelligently refer to the statement of facts.

Appeal from a judgment of the superior court for Yakima county, Sessions, J., entered June 13, 1921, upon findings in favor of the plaintiff, in an action to foreclose a mechanics' lien, tried to the court. Affirmed.

*Frank J. Allen,* for appellants.
*Hal H. Cole,* for respondent.

BRIDGES, J.—This was a suit to foreclose a builder's lien on a garage, located at Toppenish, Washington. The complaint alleged that the plaintiff and defendants entered into an oral agreement whereby the former agreed to construct for the latter a certain garage building, for a consideration of $12,571; that the construction was to be according to certain plans and specifications orally agreed to between the parties; that the work was done in accordance with the contract, and that the defendants had failed and refused to pay the balance due of $875.23, and plaintiff sought foreclosure of the lien in that amount.  The answer was to the effect that the contract was in writing, and that it provided that the building should be constructed in accordance with certain written specifications; that

[1]Reported in 206 Pac. 913.

plaintiff had not followed such specifications, and that the work was defectively done, all to the defendants' damage in designated sums, which they sought to recover by way of a cross-complaint. On these pleadings the case went to trial before the court without a jury. The court made findings to the effect that the plaintiff had constructed the building according to the plans and specifications agreed upon, and concluded that he was entitled to judgment for the amount sued for. From a judgment entered in accordance with the findings and conclusions, the defendants have appealed.

The questions involved are largely ones of fact. A reading of the abstract of the testimony does not convince us that we should interfere with the findings made by the trial court. It would not serve any useful purpose for us to recite the facts in detail. The testimony seems to show quite conclusively that the building was not constructed in accordance with the written specifications. Although there appear in the record certain specifications which deal in detail with the materials to be used in the concrete work, yet there is ample testimony to support the contention of the respondent that, before the contract was entered into, various oral modifications were made in the written specifications. Particularly was this true with reference to the thickness of the floor and the character of the materials—especially the sand— to be used in the floor. The respondent's testimony tended strongly to show that, while the written specifications expressly provided for clear, sharp sand, it was agreed between the parties that such sand was not obtainable in that neighborhood, and that in its stead certain sand from the river nearby was used, and that the floor was to be of less thickness than was designated in the specifications. He testified that on account of these changes, and some other minor ones, his bid for the building

was materially reduced. While the great weight of the
testimony shows that the floor of the building was not
as good as it would have been if the materials desig-
nated in the written specifications had been used, it was
a fair result, considering the materials which were to be
used according to the oral modification of the written
specifications. There was, of course, a very sharp con-
flict in the testimony on all of these questions. The
appellant contended that there were no oral modifica-
tions of the written specifications, and that the build-
ing, under any and all circumstances, was defective,
and that reasonably good work had not been done on
it. The trial court had before it all of the witnesses
(who were numerous), and a reading of the record does
not convince us that it erred in making its findings.

From the best we can make out of the record, it
would appear that, after the alleged oral changes were
made in the specifications as written, the parties en-
tered into a written contract, wherein the respondent
agreed to construct the building according to the writ-
ten specifications which had previously been drawn.
Neither the contract nor the written specifications in-
dicated that any change had been made in the latter.
The case seems to have been tried by all parties as
though the main question was whether there had been
oral changes in the written specifications. It does not
appear from the abstract of the testimony that the ap-
pellant made any objections to the respondent proving,
or undertaking to prove, by oral testimony the alleged
oral modifications of the specifications. We do not,
therefore, feel called upon to discuss the question
whether the respondent was entitled, as a matter of
law, to introduce testimony which might tend to vary
or contradict the terms of the written contract. We
will dispose of the case here upon the theory upon

which it appears to have been tried in the court below, and, in so doing, we do not find any reversible errors.

The respondent moves to strike the statement of facts on the ground that there were not sufficient exceptions taken by the appellants to the findings of fact as made by the court. He also moves to strike the abstract of testimony for the reason that it does not refer to the pages in the statement of facts. The abstract is certainly violative of the rule of this court in the respect noted, and we wish to call the attention of counsel to our rule which directs that the abstract of the testimony shall refer intelligently to the statement of facts. Having concluded to affirm the judgment on its merits, we will not pass upon the motion to strike the statement of facts.

The judgment is affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.