[No. 17790.  Department Two.  September 10, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. AARON
NORRIS, *Appellant*.[1]

CRIMINAL LAW (183)—ROBBERY (8)—EVIDENCE OF IDENTITY—SUF-
FICIENCY. A witness sufficiently identified one convicted of robbery,
where he explained an apparent contradiction of his testimony at a
former trial.

Appeal from a judgment of the superior court for
Snohomish county, Bell, J., entered July 8, 1922, upon
a trial and conviction of robbery.  Affirmed.

*E. C. Dailey* and *A. E. Dailey,* for appellant.

PEMBERTON, J.—Appellant was found guilty by a
jury of the crime of robbery and from such conviction,
judgment and sentence, this appeal is taken.

There are three assignments of error:

"(1)  Error of law occurring at the trial and ex-
cepted to by the defendant at the time.

"(2)  The verdict of the jury is contrary to law and
the evidence in the case.

"(3)  The court erred in overruling appellant's
motion for a new trial."

It appears that the brother of appellant, at a former
trial of the court, was convicted for the same offense.
The only question raised by appellant in his brief is
whether or not the testimony of one witness to the
identity of appellant under the facts in this case is
sufficient.

Witness Louis Wellborn was in charge of a street
car when the street car was robbed, and was called to
identify the appellant.  At the former trial of the
brother, he testified that he knew nothing about the
other two engaged in the robbery, and did not recog-
nize appellant as one of the robbers.  At the trial of

[1]Reported in 218 Pac. 203.

appellant, however, this witness testified that he recognized appellant as one engaged in the robbery, and explained that he did not, during his examination in chief in the former trial, recognize appellant, but he did identify appellant before his examination in rebuttal, and this explains what would appear to be contradictory statements of the witness with reference to his identity.

The facts in this case were submitted to the jury under proper instructions, and there is evidence upon which a jury could reach a verdict of guilty, and even though this evidence may not be entirely convincing to an appellate court, the verdict should not be disturbed, since the jury is the exclusive judge of the facts and of the credibility of the witnesses. *State ·v. Holmes,* 12 Wash. 169, 40 Pac. 735, 41 Pac. 887.

The judgment will be affirmed.

MAIN, C. J., FULLERTON, PARKER, and TOLMAN, JJ., concur.