[No. 20299.  .Department Two.  March 29, 1927.]

W. E. KANE, *Respondent*, v. E. R. LINDSEY *et al.*,
*Appellants.*[1]

[1] APPEAL (460) — REVIEW — HARMLESS ERROR — INSTRUCTIONS —
PREJUDICIAL EFFECT.  Where the evidence offered by defendant
partook of the nature of an affirmative defense although none
was pleaded, it is not prejudicial error to instruct that the burden
of proof on the affirmative defense rested upon the defendant,
especially where the evidence was such that no other verdict
could have been rendered.

Appeal from a judgment of the superior court for
Spokane county, Witt, J., entered April 19, 1926, upon
the verdict of a jury in favor of the plaintiff, in an
action for money received.  Affirmed.

*Geo. M. Ferris,* and *E. R. Lindsey,* for appellants.
*Davis, Heil & Davis,* for respondent.

ASKREN, J.—This is an action to recover $257.72 on
two causes of action.  From a verdict of a jury and
a judgment thereon in favor of the plaintiff the de-
fendants have appealed.

The facts are:  The respondent Kane, and the ap-
pellant E. R. Lindsey, are official court reporters of
Spokane county.  In April, 1925, both of them,
together with another official court reporter, G. H.
Macdougall, reported the case of Uren v. Great North-
ern Railway Company, then on trial.  The attorney
for the defendant in that case desired a daily trans-
cript of the proceedings, and so the reporters worked
in relays.  Lindsey, after working a day or two, was
taken sick and was unable to be present a part of the
time.  When the case was concluded, the reporters
figured the work performed by each and agreed that

[1]Reported in 254 Pac. 461.

the proportion of the whole each one was to receive pay for was as follows: Kane 7/14; Macdougall 4/14, and Lindsey 3/14. The money received for the work was then divided according to the agreement.

Thereafter the attorneys for plaintiff in that action, desiring to appeal, consulted the reporters concerning the cost of a statement of facts, and after consultation between the three, a price of $450 was agreed upon, and the reporters initialed a memorandum thereof showing that, after the expense was paid, the money was to be divided in the same proportion as the money received at the trial. Inasmuch as each reporter would find it difficult to read another's notes, it was understood that, by securing a copy of the daily transcript which had been furnished to the railway company, the reporters would be saved a great deal of work and practically all of the work could be performed by typists copying the daily transcript.

The daily transcript was turned over to Lindsey and he proceeded to get out the statement of facts on appeal. He had all the labor performed in his own office and refused to allow the others to have any part therein. He collected the payment of $450, and refused to account to his brother reporters or to pay them any portion thereof. Thereupon Macdougall assigned his account to Kane who sued for 11/14 of the money received, less the expenses.

Several assignments of error are urged, chief of which is that the court erred in instructing the jury.

Appellants' evidence was to the effect that Kane and Macdougall were to get their work out promptly and because they did not do this they were not entitled to any pay, as he then did all the work himself. Kane and Macdougall denied this, and evidence was offered showing an attempt to secure the daily transcript from

him and that Lindsey promised to turn it over, but never did so. The court told the jury, in effect, that if they found from a preponderance of the evidence that the agreement was as claimed by Kane and Macdougall, their verdict should be for the respondent, but if the preponderance of the evidence showed it was as contended for by appellant, then the verdict must be for appellants. This instruction was unexcepted to and no assignment of error is based thereon, and therefore it becomes the law of the case.

[1] The particular instruction complained of was a general one, as follows:

"The burden is on the plaintiff in this case to establish by a preponderance of the evidence the truth of all the allegations contained in his complaint not admitted by the defendants. Likewise the burden is on the defendants to establish by a preponderance of the evidence all the material allegations of their affirmative defense."

The objection urged against this one is that there was no affirmative defense, and the court should not have given the last sentence of the instruction. The answer as drawn did not plead any affirmative defense, but the court seems to have construed the evidence offered by the appellant as an affirmative defense, and so referred to it in another instruction which stated the issues to the jury, and no assignment of error is predicated on that instruction either.

It is apparent that, if the court, in its instructions giving the issues of the case to the jury, treated the evidence of appellants as an affirmative defense, and no error is predicated thereon, then its instruction that the affirmative defense must be proved by a preponderance of the evidence was strictly in accordance therewith, and was not of itself error. The instruction complained of was followed by another:

"It is apparent from the foregoing statement of the issues that there is presented to the jury for its determination, under all the facts and circumstances as disclosed by the evidence and the attitude and conduct of the parties, the actual terms and conditions of the agreement entered into by said Kane, Macdougall and Lindsey. If you find from a preponderance of the evidence that the terms and conditions of the agreement are as contended for by the plaintiff as hereinbefore set forth in the statement of the issues, then your verdict must be for the plaintiff. On the other hand, if you find from a preponderance of the evidence that the terms and conditions of the agreement are as contended for by the defendants as hereinbefore set forth in the statement of the issues, your verdict must be for the defendants."

The evidence offered by appellants partook of the nature of an affirmative defense, and taken as a whole we cannot conceive that the jury were misled. An investigation of the evidence discloses that no other verdict could possibly have been rendered, the weight of the evidence being overwhelmingly in favor of the respondent.

The judgment is affirmed.

Mackintosh, C. J., Tolman, Bridges, and Parker, JJ., concur.