[No. 25232.   Department One.   December 26, 1934.]

CHAS. F. CLISE *et al., Appellants,* v. W. R. SCOTT, *Respondent.*[1]

*Lytel & Pomeroy* and *Edw. J. Burns,* for appellants.

*Griffiths & Cluck,* for respondent.

MILLARD, J.—This action was instituted to recover balance of rental alleged to be due under a lease. The complaint alleges that plaintiffs, on September 15, 1931, leased to the defendant, for a period of one year from December 1, 1931, certain King county acreage, describing same. The rental under the lease for the

[1]Reported in 38 P. (2d) 1019.

period stated was nine hundred dollars. Three hundred dollars was paid by the lessee to the lessors at the time the contract was made. The remainder was payable in two installments of three hundred dollars each, on August 1, 1932, and September 1, 1932. The lease is not made a part of, or incorporated in, the complaint. It is merely referred to in paragraph three of the complaint succeeding the recitals concerning the rental as follows: "which is a copy of one of the terms of the lease." It is further alleged that all of the rental except the third installment has been paid. This action was brought to require defendant to pay that balance.

By his answer, defendant admitted making the contract and payment of six hundred dollars to plaintiffs. As a first affirmative defense, payment of twenty dollars upon the rental was pleaded. For a second affirmative defense and counterclaim, defendant alleged that, on or about the time he entered into the leasing contract with plaintiffs, the latter promised, undertook and agreed to build on and across plaintiffs' land adjoining the rented land, a roadway for use in getting to and from the county road near the rented land, and that plaintiffs agreed to have the road ready for use on or before May 1, 1932, "and therefore plaintiffs, in consideration that defendant would and did rent said land, entered into said agreement to build said road;" that plaintiffs failed to perform the agreement and the defendant was compelled to build the roadway at a cost of two hundred dollars, for which sum he counterclaims. For a third affirmative defense and counterclaim, defendant alleged that, on or about the time of entering into the lease, in consideration that defendant rent the land, plaintiffs agreed to clear seven acres of the rented land of all stumps and brush on or before May 1, 1932; that

plaintiffs' failure to perform their agreement required performance of the work by defendant, at a cost of one hundred and twenty-five dollars, recovery of which he prays as a counterclaim.

The cause was tried to the court, which found that the facts set forth in the complaint are true, except that the court finds that defendant paid plaintiffs an additional sum of twenty dollars on September 2, 1932; that plaintiffs are entitled to recovery against defendant in the sum of two hundred and eighty dollars plus interest from September 1, 1932, amounting to $27.40. The court further found that the facts set forth in defendant's three affirmative defenses and counterclaims '

". . . are true and are hereby adopted, and the court finds that at the time of the leasing of said land there was no suitable or practicable road leading thereto and that plaintiffs undertook and agreed to build an available and satisfactory road on and across the remainder of plaintiffs' land to the county highway; and that they undertook and agreed to have such road ready for use by defendant on or before the cropping season of the next year and being on or before May 1, 1932; and that the court further finds that plaintiffs failed to build or to have said road built; and that thereupon defendant built said road or caused the same to be built and that the reasonable cost of building the same and the reasonable value thereof is the sum of $200 . . . and that at the time of renting said land, the whole of said thirty acres was not cleared and that plaintiffs undertook and agreed to clear the remainder of said tract at least 5½ acres thereof and have the same cleared on or before the cropping season began in the year 1932, and being on or before May 1 of that year, and the court further finds that plaintiffs failed to do said clearing and that defendant did the same, and that the reasonable cost of doing the same and the reasonable value thereof is the sum of $125.''

210

The court concluded that plaintiffs were entitled to a recovery of $307.40; that defendant was entitled to recover a total of $325 on his two counterclaims. In harmony therewith, judgment for $17.60 was entered in favor of defendant against plaintiffs, who have appealed.

Appellants have not brought a statement of facts or bill of exceptions to this court. Therefore, the case is before us on the transcript, which includes the findings of fact, conclusions of law and the judgment.

May the terms of a written lease be varied, altered or added to by an oral agreement entered into at the time of, or prior to, the execution of the written lease? That, insist counsel for appellants, is the only question raised by this appeal.

Appellants invoke the general rule of law that extrinsic evidence is inadmissible to contradict, subtract from, add to or vary a written instrument.

"The execution of a contract in writing is deemed to supersede all the oral negotiations or stipulations concerning its terms and subject matter which preceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact; and any representation made prior to or contemporaneous with the execution of the written contract is held to be inadmissible to contradict, change or add to the terms plainly incorporated into and made a part of the written contract." 10 R. C. L. 1016, 1017.

Counsel for appellant argue:

"There is no question concerning this general rule, although there are certain exceptions thereunder due to the fact that such evidence is permissible when it appears to the court that such evidence is for the purpose of proving an agreement collateral to the written instrument and not covered therein, or where the written instrument shows on its face that it was not a complete recitation of the agreement between the parties."

The qualification of the general rule is stated, as follows, in 10 R. C. L. 1035:

"The authorities are agreed that a parol contract may be added to a written one, and the two may stand together though made simultaneously. The same principle declares that the reduction to writing of one feature of an entire transaction, in part execution thereof, does not preclude proof by parol of the other features. Otherwise stated the rule is that proof is admissible of any collateral, parol agreement or independent fact, which does not interfere with the terms of the written contract, though it may relate to the same subject-matter; and whether such collateral agreement was made or independent fact occurred contemporaneously with or as preliminary to the main contract in writing, is quite immaterial. In order, however, to permit parol evidence to be admitted to show an agreement collateral to a written contract, it must appear, according to some authorities, either from the contract itself or from the surrounding circumstances, that the contract is incomplete. And such a collateral parol agreement is not admissible in evidence when the effect is to alter the scope and meaning of the written instrument."

The leasing contract may have shown "on its face that it was not a complete recitation of the agreement between the parties." The writing itself may have stated that there was other consideration, but did not specifically state the nature of such consideration. It may be that the consideration stated appears clearly and unambiguously as a part of the agreement, representing an actual contractual term. If so, such a term of the contract must be regarded in the same light as any other material term of the contract, and extrinsic evidence to vary or contradict it would be inadmissible.

The leasing contract is not before us. It is not incorporated in, or made a part of, the complaint, the answer or the findings. There is no recital that the lease was offered in evidence and that the same was by

reference made a part of the findings of fact. The placing of the lease in the transcript as one of appellants' exhibits is contrary to the rule requiring that same be brought here as a part of the statement of facts or bill of exceptions.

"The case is here to be considered upon the findings of fact, conclusions of law, and judgment. No statement of facts or bill of exceptions has been filed. There appears attached to the back of the clerk's transcript certain exhibits which were introduced in evidence during the trial in the superior court. These are no part of the record. Without assembling the case, it may be stated that, under the repeated holdings of this court, exhibits are not made a part of the record by being included in, or attached to, the clerk's transcript, but must be brought here as a part of the statement of facts or bill of exceptions." *Waldy v. Seattle,* 93 Wash. 407, 161 Pac. 65.

■ Nothing appears in the findings of fact to negative the presumption, which is conclusive in the absence of the statement of facts, that the evidence of which appellants complain was admissible.

■ Also, in the absence of the statement of facts, we do not know whether, in the trial court, counsel for appellants objected to the admission of the evidence in question. The question of admissibility of evidence may not be presented for the first time on appeal.

"If a party desires to present the question of admissibility of evidence on appeal or on motion for a new trial, it is essential that he object to the admission of particular evidence in the first instance and at the time it is offered so as to obtain an order or ruling capable of being reviewed." 6 Jones Comm. on Evidence (2d ed.), § 2517, p. 4979.

The judgment is affirmed.

BEALS, C. J., MAIN, TOLMAN, and GERAGHTY, JJ., concur.