[No. 26047. Department Two. March 9, 1936.]

J. C. Ross, *Respondent,* v. James Cappon *et al.,*
*Appellants.*[1]

*Edgar C. Snyder* for appellants.
*Chas. Gilbert Moran,* for respondent.

Holcomb, J.—This action was brought by respondent, as assignee, for the balance due under a conditional sales contract dated July 7, 1934, made by Chas. Emery and H. Golden, as vendors, doing business as "Ice Machine Service Company," to appellants, as vendees, the latter being at the time copartners doing business as the Virginia Creamery, in Seattle. On July 11, 1934, the vendors assigned the contract to respondent.

The assignors of respondent had orally agreed in the latter part of March, or early in April, 1934, to sell to appellant the ice machinery and equipment, which were itemized and described in the findings of the trial court, and install the same at the plant of appellants. Appellants, at about the same time, purchased a second-hand ice machine from Frye & Company in Seattle, under a conditional sales contract.

[1] Reported in 55 P. (2d) 329.

The defense of appellants was based solely upon certain transactions and conversations which took place prior to the execution of the contract on July 7, 1934. Appellants contend that respondent's assignors breached their guarantee; that they guaranteed not only all of the ice machinery and equipment described in the written contract of July 7, 1934, and the installation thereof, but that the guarantee covered also the machinery and equipment purchased from Frye & Company and the installation thereof. The written contract containing the guarantee, which was in very legible typing and plain language, reads:

"We guarantee all apparatus supplied by us to be free from inherent mechanical defects for a period of one year from the time it is placed in operation, and agree to furnish, F. O. B. Seattle, a duplicate of any part proven thus defective within that time. It is mutually agreed that our liability in any and all cases of parts proven defective is limited to the furnishing of duplicate parts free of charge."

The equipment sold and listed by respondent's assignors does not comprise any ice plant. It will be noted that the guarantee above set forth is plain and unambiguous. The vendors guaranteed, for a period of one year from the time the same was placed in operation, all apparatus to be free from inherent mechanical defects and to supply a duplicate of any part proven defective within that time.

Cappon, who is the only one of appellants who testified, stated that he bought the ice machine from Frye & Company on conditional sales contract and then had the other people install the other equipment and connect up the machine. He testified that, when he signed the contract, he looked it over and checked to see that everything had been complied with according to the terms and conditions thereof, and further:

"A. . . . of course I realized that the contract was right. Q. And the only fault is the trouble with the machine that you got from Frye & Company? A. Yes, sir."

The above testimony is conclusive to the effect that there was no deception, fraud, misrepresentation or undue influence practiced upon appellants.

In *Farley v. Letterman*, 87 Wash. 641, 152 Pac. 515 (not cited by respondent), we said that, where contracts completely embody the transaction, are free from ambiguity, and are not attacked on the ground of fraud, this court has uniformly held to the rule that parol evidence will not be received to vary or contradict the terms of the writing, and cited many cases.

In that case, a lease had been executed on January 22, 1912, and a prior letter had been written in December, 1911, which to some extent contradicted or varied the terms of the lease as it was executed. We there held that all prior offers and negotiations had been merged in the written lease and no other evidence was competent to vary it.

To the same effect is *Clise v. Scott*, 180 Wash. 207, 38 P. (2d) 1019.

In *Hansen Service v. Lunn*, 155 Wash. 182, 283 Pac. 695, we approved texts from 28 C. J. 930 and 933, emphasizing that:

" 'Where there is no ambiguity in the language of the contract, the instrument itself must be consulted in ascertaining the intention; . . .' "

There, as here, the contract of guaranty was clear and unambiguous.

Appellants rely entirely upon *Great Western Theatre Equipment v. M. & E. Theatres*, 164 Wash. 557, 3 P. (2d) 1003, approving the statement made in Addison on Contracts, reading:

" 'The intention of the parties to any particular transaction may, however, be gathered from their acts

and deeds, in connection with the surrounding circumstances, as well as from their words; and the law therefore implies, from the silent language of men's conduct and actions, contracts and promises as forcible and binding as those that are made by express words or through the medium of written memorials.' ''

At the oral argument, appellants also quoted from Jones on Construction of Contracts, citing a number of pages.

The above case and the above text writers are not contrary to the rule above stated. In the cited case, the controversy was over whether or not there was any contract at all, and it was necessary to determine the issue of the intention of the parties by their acts and conduct. We concluded from the facts that there was an *implied contract* for respondent to assume the obligation of a conditional sales contract under which the device was sold to it.

No such issue exists in this case. There was a contract reduced to writing which appellants voluntarily signed, well knowing its context.

It is not to be considered that the assignors of respondent would guarantee second-hand equipment, sold by a third party to appellants in a conditional sales contract with which they had nothing to do, either as makers or vendors, unless distinctly expressed in their contract.

The judgment must be, and is, affirmed.

MILLARD, C. J., MAIN, BEALS, and BLAKE, JJ., concur.