[No. 26362. Department Two. December 14, 1936.]

THOMAS A. E. LALLY, *as Receiver, Appellant,* v. FRANK H. GRAVES *et al., Respondents.*[1]

[1]Reported in 63 P. (2d) 361.

562

*Funkhouser & Twohy,* for appellant.

*Lester P. Edge, H. E. T. Herman,* and *Graves, Kizer & Graves,* for respondents.

BEALS, J.—Plaintiff sues as receiver of the Exchange National Bank of Spokane, demanding judgment against defendants on account of a balance due upon notes payable to the bank and endorsed by defendants.

Prior to 1928, one H. L. Thwaite was a large stockholder in Constitutional Mining & Milling Company, a corporation; the defendants in this action and other persons also owning stock. The corporation having fallen upon evil days, during the month of October, 1928, Mr. Thwaite, together with the defendants in this action and other persons, guaranteed payment of the corporation's notes for a large amount in favor of the bank. The corporation having become insolvent, its properties were sold on execution, and finally naught remained but the debts.

Large sums were paid upon the notes, but during the fall of 1934, a considerable balance remained unpaid. As the statute of limitations was about to run against the obligation, in so far as defendants were concerned, the receiver insisted that something be done which would protect the bank. The stockholders of the corporation who resided in this state, having paid large sums on account of their guarantees of the corporate obligations, felt that Mr. Thwaite, their co-guarantor, who was the largest stockholder, should bear his share of the burden, and suggested that the receiver attempt to enforce payment by Mr. Thwaite of the balance due. The receiver, being apparently willing to cooperate,

prepared a written agreement, which he signed, together with the defendants in this action. By this agreement, defendants recognized the obligation to the bank in manner and form sufficient to toll the statute of limitations. Concerning Mr. Thwaite, the agreement contains the following:

"That second parties wish first party to refrain from immediate suit thereon; that one of the signers on one of said notes and on said guaranty, to-wit: H. L. Thwaite, does not reside in the state of Washington, and that it may be necessary for first party to send the originals of said notes and guaranty so executed out of the state of Washington, if first party desires to sue the said H. L. Thwaite."

The agreement bears date December 24, 1934, and during the month of April following, plaintiff sued defendants for the balance due, together with additional interest, attorney's fees and costs. In his amended complaint, plaintiff, in order to avoid the bar of the statute of limitations, pleaded the agreement above referred to.

Defendants answered the amended complaint, admitting liability upon the promissory notes which are the basis of the action, and admitting execution of the written agreement above referred to. They pleaded affirmatively that plaintiff, in his capacity as receiver, had agreed with defendants that he would not sue defendants until he had first instituted suit against H. L. Thwaite and had attempted to collect from him the balance due; that the writing pleaded by plaintiff did not embody, and that the parties did not intend it to embody, the entire agreement between them; that an agreement by plaintiff to sue H. L. Thwaite was an express condition to the writing of acknowledgment, and that plaintiff's agreement to sue Mr. Thwaite was the inducing and moving cause for the execution of the acknowledgment by defendants, and was the only con-

sideration therefor; that plaintiff failed to keep his agreement to sue Mr. Thwaite, and that, for this reason, the writing relied upon by plaintiff was not binding upon defendants, and they should not be held thereon; defendants praying for the dismissal of the action.

Plaintiff moved to strike defendants' affirmative defense and also demurred thereto, his motion and demurrer having been respectively denied and overruled. Plaintiff having denied defendants' affirmative allegations in his reply, the action was tried to a jury, which returned a verdict in favor of defendants. From a judgment of dismissal entered pursuant to this verdict, plaintiff has appealed.

Appellant assigns error upon the denial by the trial court of his motion to strike the affirmative matter contained in respondents' answer and upon the overruling of his demurrer thereto; upon the receipt of parol evidence which he contends varied the terms of the writing dated December 24, 1934; and upon the refusal of the court to grant him a new trial. The errors assigned all cover the same matter, namely, the receipt of parol evidence which appellant contends varied the terms of the written agreement.

Evidence was introduced by respondents which tended to prove that, at the time the written contract was signed, they entered into an oral agreement with plaintiff in substance as pleaded in their answer. On the other hand, appellant's evidence tended to disprove any such understanding. The question of whether or not any such oral contract was made was by the court submitted to the jury under instructions, which were not excepted to.

The first portion of instruction No. 1 given by the court reads as follows:

"This case has resolved itself into the issue of whether or not the inducement for the execution of the writing of December 24, 1934, marked Plaintiff's Exhibit No. 5, by the defendants Frank H. Graves, Benjamin H. Kizer and Richard W. Nuzum, was an oral agreement entered into between said defendant Benjamin H. Kizer and the plaintiff, Thomas A. E. Lally as receiver of the Exchange National Bank of Spokane.

"The defendants claim that the plaintiff, Thomas A. E. Lally, as such receiver, agreed with the defendant Benjamin H. Kizer, that no suit or action against the defendants executing the said instrument would be brought until the said receiver had instituted suit against H. L. Thwaite and diligently prosecuted the same to judgment and had attempted to collect the said judgment, and that no suit or action against the said defendants would be brought until the termination of the said litigation with the said H. L. Thwaite, and in no event would be brought within a period of one and one-half years from the date of executing said writing, to-wit, December 24, 1934; that said writing does not embody and was not intended by the parties thereto to embody the entire agreement between the plaintiff and the defendants executing the same; that the agreement between the said Benjamin H. Kizer and said plaintiff was intended by the parties to be a part of the agreement partially evidenced by the said writing; that the said agreement to sue H. L. Thwaite, above referred to, was an express condition to the said written instrument becoming a binding obligation upon the defendants signing the same, and an express condition to the said writing having any legal force or effect; that the said agreement of the plaintiff with reference to the suit against H. L. Thwaite was the inducing and moving cause, and the only inducing and moving cause of the execution of the writing by the defendants, and the sole and only consideration for the same; that said writing was executed and delivered by the defendants Nuzum and Graves upon the representation made to them by the defendant Benjamin H. Kizer that the plaintiff herein had agreed as above recited, and the said instrument was executed and de-

livered by said defendants upon the said express condition, and the said express condition was the inducing and moving cause of the execution by the said defendants of the said writing and the only consideration for the same.

"Plaintiff denies that said claimed oral agreement was entered into."

Appellant admitted having had a conversation with one of respondents concerning the agreement and concerning Mr. Thwaite's obligation. Any issues of fact were, under instructions which were not excepted to and which became the law of the case, resolved by the jury in favor of respondents.

It clearly appears that the case was tried to the court and jury as involving only a question of fact, whether or not the oral contract pleaded by respondents was in fact made. The testimony offered by respondents in support of their contention that a lawful and binding oral agreement was made as above set forth, was received without objection. On one occasion, the following occurred between appellant's then counsel, who is not now representing appellant, and the court:

"APPELLANT'S COUNSEL: (Referring to a question to one of respondents) That is too broad. I have no objection to his discussing what talk or conversation there was prior to the time of the execution of the contract, but I object to any conversation subsequent or at the time of its execution which varies the written contract signed by these gentlemen. THE COURT: You are not objecting to the witness testifying to what transpired leading up to the execution of the contract? APPELLANT'S COUNSEL: I am not objecting to what transpired leading up to the execution of the contract. That is correct. THE COURT: Is that your question? RESPONDENTS' COUNSEL: That is my question. APPELLANT'S COUNSEL: All right. THE COURT: Very well, he may answer without objection."

It does not appear that appellant's counsel during the entire trial at any time suggested to the trial

court that it was appellant's contention that the evidence offered by respondents in support of their contentions, and received by the court, was inadmissible, as tending by parol to vary the terms of a written contract, or for any other reason. There was no dispute between the parties as to the amount, if any, due from respondents. The court instructed the jury

". . . that the burden of proof in this case is upon the defendants to establish to your satisfaction, by a fair preponderance of the evidence, that the oral agreement was entered into between the defendant Benjamin H. Kizer and the plaintiff, Thomas A. E. Lally, as such receiver. If it is so established to your satisfaction by a fair preponderance of the evidence in the case, then your verdict must be for the defendants. And if it is not so established your verdict must be for the plaintiff."

It is true that appellant, prior to the trial, moved to strike from the affirmative defense contained in respondents' answer and demurred thereto, but it appears that, if any questions of law, such as appellant now urges against respondents' evidence, were argued by appellant in support of his motion and demurrer, the same were abandoned on the trial, appellant then having elected to meet respondents on their own ground and try the action as one involving only questions of fact. No other questions of law are now argued by appellant in support of his demurrer. The fact that a motion for a new trial was made does not assist appellant. The statutory grounds are set forth in the motion, and we have no way of knowing what, if any, argument was advanced in support thereof. The trial lasted several days and was vigorously contested. Respondents, who admitted that the burden rested upon them, opened the case, and when they closed, appellant's counsel, after asking permission to

introduce formal proof as to the amount due which was not controverted, said:

"I am not going to discuss this matter at length, but I don't believe now, your Honor, there is sufficient testimony here with reference to this agreement which was executed by these men, under the decisions of our court, to justify the submission of this case to the jury. I might refer briefly to the written instrument itself. In plain English language, readily understood, while there is some suggestion made here that they were misled by some parol proof and while I appreciate the rule that contracts may be varied by parol proof when they go to the situation, I think in view of the fact that the statute of limitations had not expired that Mr. Lally had a right to bring suit on the morning of the 24th if he so desired. I think that agreement, which waived institution of immediate action, was sufficient consideration to validate the contract, and I think before this contract should be set aside, it should be set aside on proof convincing, and I think it is a question of law for the court rather than a question to be submitted to the jury, and I submit it on this brief statement."

The most that can be said for this statement is that appellant suggested that respondents' evidence was insufficient, not that it was, as a legal proposition, inadmissible.

Without further argument on the part of appellant, his motion was overruled. At the close of all the evidence, the court asked if any arguments were to be presented, certain of respondents moved for judgment in their favor as matter of law, which motions were denied, whereupon, without further discussion, the cause was submitted to the jury.

This case must be decided upon the record as made in the court below. *Driver v. Galland,* 59 Wash. 201, 109 Pac. 593; *Mielke v. Miller,* 100 Wash. 119, 170 Pac. 143; *In re Farmers & Merchants State Bank,* 175 Wash. 78, 26 P. (2d) 631; *In re Corneliusen's Estate,*

182 Wash. 488, 47 P. (2d) 843. In the case of *Guarantee Loan & Trust Co. v. Galliher,* 12 Wash. 507, 41 Pac. 887, the appellant urged before this court that certain parol testimony which the court below had received was in law not admissible to vary or contradict a writing. Considering this question, this court said:

"We are unable to say from the record that the question upon which appellant now relies, to the effect that parol testimony was not admissible to vary or contradict the contract implied by the indorsement, if the testimony did tend to vary or contradict it, was presented to the lower court, and such being the case, under the well settled rule in such cases, error cannot be based thereon. It must appear that the precise point upon which an appellant relies for a reversal was called to the attention of the lower court and passed upon."

In the case of *Miller v. Sheane,* 120 Wash. 227, 206 Pac. 913, an action to foreclose a mechanic's lien, the defendant had interposed a cross-complaint for damages on account of alleged inferior work. Plaintiff relied upon an oral modification of written specifications, and evidence in support of plaintiff's contention was introduced without objection. On appeal, this court declined to consider the question of whether or not the parol evidence was properly admissible, saying:

"It does not appear from the abstract of the testimony that the appellant made any objections to the respondent proving, or undertaking to prove, by oral testimony the alleged oral modifications of the specifications. We do not, therefore, feel called upon to discuss the question whether the respondent was entitled, as a matter of law, to introduce testimony which might tend to vary or contradict the terms of the written contract. We will dispose of the case here upon the theory upon which it appears to have been tried in the court below, and, in so doing, we do not find any reversible errors."

In the late case of *Clise v. Scott*, 180 Wash. 207, 38 P. (2d) 1019, an action upon a written lease for the recovery of rent, the defendant interposed a counterclaim based upon an alleged oral agreement made prior to the execution of the lease. The superior court allowed a recovery upon defendant's counterclaim, and the plaintiff appealed, contending that the parol testimony introduced by defendant was in law inadmissible. The record contained no statement of facts, and this court, deciding the case, said:

"Also, in the absence of the statement of facts, we do not know whether, in the trial court, counsel for appellants objected to the admission of the evidence in question. The question of admissibility of evidence may not be presented for the first time on appeal.

"'If a party desires to present the question of admissibility of evidence on appeal or on motion for a new trial, it is essential that he object to the admission of particular evidence in the first instance and at the time it is offered so as to obtain an order or ruling capable of being reviewed.' 6 Jones Comm. on Evidence (2d ed.), § 2517, p. 4979."

In the early case of *Dyer v. Middle Kittitas Irr. Dist.*, 40 Wash. 238, 82 Pac. 301, the rule was laid down that instructions, unexcepted to, were binding upon the parties as the law of the case. This rule was followed in the cases of *Sipes v. Puget Sound Electric R.*, 54 Wash. 47, 102 Pac. 1057; *Bullis v. Ball*, 98 Wash. 342, 167 Pac. 942; *Smith v. Dahlquist*, 176 Wash. 84, 28 P. (2d) 262. In the case of *Peters v. Union Gap Irr. Dist.*, 98 Wash. 412, 167 Pac. 1085, this court said:

"The cause was tried to a jury. The record contains no exceptions to the charge of the trial court to the jury, or to the refusal to give requested instructions. The instructions given, therefore, become the law of the case and are not here for review. This rule is so well established that the assembling of the cases is unnecessary."

In the case of *Kane v. Lindsey,* 143 Wash. 61, 254 Pac. 461, we find the following:

"The court told the jury, in effect, that if they found from a preponderance of the evidence that the agreement was as claimed by Kane and Macdougall, their verdict should be for the respondent, but if the preponderance of the evidence showed it was as contended for by appellant, then the verdict must be for appellants. This instruction was unexcepted to and no assignment of error is based thereon, and therefore it becomes the law of the case."

The evidence of which appellant now complains was admitted without objection. The court instructed the jury as to the issues of fact presented, and no exceptions were taken to these instructions, nor were other instructions requested. The jury returned a verdict in favor of respondents, and pursuant to this verdict judgment was entered dismissing the action.

We find no error in the record of which appellant can complain, and the judgment appealed from is affirmed.

MILLARD, C. J., MITCHELL, TOLMAN, and HOLCOMB, JJ., concur.