[No. 21429. Department One. December 6, 1928.]

May Kelly, *Respondent,* v. George Drumheller, *Appellant.*[1]

*Pedigo & Watson,* for appellant.
*Earl Benson* and *Rummens & Griffin,* for respondent.

Tolman, J.—The plaintiff sued to recover damages for a breach of an alleged promise to marry. The action was tried to a jury, and a verdict returned in favor of the plaintiff for ten thousand dollars. From a judgment on the verdict, the defendant has appealed.

The assignments of error question only the ruling of the trial court in denying a motion for judgment *non obstante veredicto* and entering judgment on the verdict.

█ The appellant cheerfully recognizes our well settled rule that a motion for judgment n. o. v. invokes no element of discretion, but only the judicial function,

[1]Reported in 272 Pac. 731.

and can be granted only when the court can say as a matter of law that there is no substantial evidence, or reasonable inference from evidence, to support the verdict.

But it is contended, and rightly so, that a mere scintilla of evidence is not sufficient to support a verdict as against such a motion, citing *Jones v. Harris*, 122 Wash. 69, 210 Pac. 22, and many other of our cases to the same effect.

With this rule clearly in mind we have diligently studied the record, going frequently from the rather meager abstract and the supplemental abstract to the statement of facts, so as to get as clearly as possible the full meaning of the witnesses. It must be admitted that respondent did not undertake to say that at any certain time and place the appellant in formal language made an express and specific promise of marriage, but if the jury believed her testimony, they could have no doubt that things were said and done between the two on more than one occasion which showed that both understood and agreed that a marriage between them should take place within a reasonable time.

In practical effect, appellant is now asking us to weigh the testimony of the respondent in the light of all of the other evidence in the case, and to say that she testified falsely. To so find was the exclusive function of the jury. The trial court might have granted a new trial if satisfied that the verdict was against the weight of the evidence, but he was not asked to do so and since we, in the light of the cold record, cannot say that there was no substantial evidence to support the verdict, we can only affirm the judgment.

Judgment is affirmed.

FULLERTON, C. J., MITCHELL, and BEALS, JJ., concur.