[No. 26826. Department Two. November 8, 1937.]

CHRIS HANSEN et al., Respondents, v. HERBERT COLDWELL et al., Appellants.[1]

*Welsh & Welsh*, for appellants.

*Fred M. Bond*, for respondents.

[1]Reported in 73 P. (2d) 351.

BEALS, J.—During the course of the evening of October 26, 1935, a Dodge automobile, in which plaintiffs Chris and Lena Hansen were riding in a westerly direction along the road from Ilwaco to Chinook, plaintiff Chris Hansen driving, collided with a Chevrolet truck owned by defendants Herbert and Gladys Coldwell, in which they were riding with their son, John Coldwell, who was driving, the truck being then proceeding in an easterly direction toward Chinook. At points on the road there were considerable banks of fog, and the lights on both machines were shining. The accident occurred about two miles east of Ilwaco. The truck struck the left front wheel of plaintiffs' car. Plaintiffs were both injured as the result of the accident. After the collision, plaintiffs' car remained at or near the point of impact, while the truck continued down the road about seventy-five feet, then turning over on its side in the ditch beside the roadway.

Plaintiffs sued defendants for damages, contending that the accident was the result of defendants' negligence, while defendants cross-complained, asking judgment against plaintiffs for damages which they had suffered. The action was tried to a jury, which returned a verdict for plaintiffs. Defendants moved for judgment in their favor notwithstanding the verdict, or in the alternative for a new trial. These motions were denied, and judgment entered upon the verdict, from which defendants have appealed.

Error is assigned upon the giving of two instructions; upon the failure of the court to restrict the argument of respondents' counsel in summing up the case to the jury; upon the ruling of the court denying appellants' motions above referred to; and upon the entry of judgment in respondents' favor.

Respondent Chris Hansen testified that he was perfectly familiar with the road; that he was driving on

his right side thereof; that, at a point on the road which he identified, he observed ahead of him a thick fog bank; that, before entering the same, he took his foot off the gas and put it on the brake; that his car was proceeding at not over ten miles per hour; that he saw the lights of the truck approaching; that the truck was proceeding on its left-hand side of the road and struck the left front corner of respondents' car. The witness testified positively that he was driving on his right side of the road, and that appellants' truck was proceeding over on its left-hand half of the road. The witness further testified that, at the time and place of the accident, the fog was so dense that, from beside his car, he could not see the truck after the same had stopped approximately seventy-five feet down the road.

Appellants quote some of the evidence given by Mr. Hansen as to the position of his car after the accident and concerning an examination which Mr. Hansen made of the road two days later, the witness stating that he then saw two skid marks on the road. Another witness on behalf of respondents testified that he examined the road three days after the accident and saw certain skid marks, which he described to the jury. When asked by counsel whether or not the skid marks would indicate that all four wheels of the car which had made them were on the macademized portion of the road, Mr. Hansen frankly testified that it was hard for him to answer, and that a good many cars had passed over the road. Mrs. Hansen also testified that their car was well over on their right-hand half of the road.

Appellants vigorously contend that the verdict is without substantial support in the evidence, and that the trial court should have granted their motion for judgment in their favor as matter of law. In support of their contention, appellants cite many cases in which

this court has held that "a mere scintilla of evidence is not sufficient to support a verdict" (*Kelly v. Drumheller*, 150 Wash. 185, 272 Pac. 731), which rule has been frequently laid down in our decisions.

In the case at bar, respondents' evidence amounted to much more than the mere scintilla referred to in the cases relied upon by appellants. In addition to the testimony of Mr. and Mrs. Hansen, the record contains other evidence indicating that respondents' car was being driven, or at least was struck, on its right side of the road. The testimony in the case was in strong conflict, and the jury might well have reached a different conclusion. The verdict which they did bring in, however, is supported by competent evidence, direct and circumstantial, and the trial court did not err in denying appellants' motion for judgment in their favor as matter of law.

Appellants complain of one of the court's instructions, in which the court told the jury that, if they found from a fair preponderance of the evidence that the driver of appellants' truck operated the same to his left of the center of the highway, and failed to yield to respondents their portion of the road, or that the driver operated the truck at a high and dangerous rate of speed, and failed to keep the same under proper control, according to the circumstances and conditions then appearing, the jury might find appellants negligent and liable in damages for respondents' injuries, unless they should also find that respondent Chris Hansen had himself been negligent. Appellants excepted to this instruction upon the ground that the record contained no evidence that appellants' truck was driven on its wrong side of the road or at a high or dangerous rate of speed. In our opinion, the record does contain evidence warranting this instruction and supporting

the verdict which the jury returned in respondents' favor.

Appellants also excepted to an instruction in which the jury were told that, in the event their verdict was in favor of appellants, they should not award appellants damages on account of future pain and suffering, or award them anything for "doctor bills or medical services for any permanent injury." Appellants might have questioned this instruction if the jury had found in appellants' favor in an amount less than appellants believed they were entitled to, but as the jury found in respondents' favor and against appellants, the instruction, if error at all, on which question we express no opinion, was error without prejudice.

Appellants next contend that the trial court committed reversible error in failing to restrict the argument of respondents' counsel. It appeared that, shortly after the collision, a school bus containing a high school football team and attending friends arrived at the scene. The bus naturally stopped, and the boys looked over the ground and talked with some of the persons present. Appellant Gladys Coldwell, by the aid of a flashlight, and accompanied by several of the boys, endeavored to trace the tracks of appellants' truck as the same were indicated on the road. The boys testified that the wheel tracks they observed were off the road to the south of the pavement, indicating that appellants' truck, when it made the tracks, was on its right side of the pavement.

Respondents' counsel, in his argument to the jury, referred to the evidence of the boys, contending that one of them had testified that he had observed the marks made by the wheels of the truck a certain distance west of the position of the truck after the accident and not west of the point of collision. Appellants' counsel objected to this argument, contending that the

same was not borne out by the testimony, whereupon respondents' counsel remarked, "I object to his statement and ask your Honor if I may proceed," whereupon the court said, "It will be necessary for the jury to remember the testimony for themselves."

Appellants' counsel contends that the argument of opposing counsel was directly contrary to the evidence, and cites authorities to the effect that gross abuse of counsel's privilege in argument may entitle the aggrieved party to a new trial. The rule relied upon by appellants is salutary and should be enforced in proper cases, but we find no possible reason for applying the rule to the situation presented by the record in the case at bar.

Eight or nine of the boys testified on behalf of the appellants. Several of them stated that they traced the tracks of the truck, which was lying on its side in the ditch approximately seventy-five feet east of the Hansen car, back twenty-five or thirty-five feet west from "the wreck." Whether by the wreck they meant the overturned truck or the point of collision, is not always clear. One of the witnesses stated directly, during his examination in chief, in response to a question by appellants' counsel, that he did not think he had gone to the west of the Hansen car, the witness having previously testified that "he followed them [the tracks] about thirty or thirty-five feet to the Coldwells' truck." Another of the boys, in response to a question by appellants' counsel, "How far did you trace these tracks off the pavement from the wreck to the west towards Ilwaco?" answered, "Well, I did not go back only about twenty feet, they were still off then."

Several of the other boys gave similar testimony, while some of them testified that they examined the tracks to the west of the position of the Hansen car. Most of them identified appellant Gladys Coldwell as

the person who indicated to them the tracks which they examined with the aid of her flashlight. The bus was traveling toward the west and, of course, reached the overturned Coldwell truck first.

The statement of facts leaves the reader in doubt as to just what some of these witnesses meant by their testimony. Doubtless, the testimony was clearer to the jury, and, of course, they had the benefit of a careful review of the evidence by appellants' counsel. Respondents' counsel, in his argument referring to the testimony of the boys, opened his discussion of this phase of the evidence as follows:

"Now just a word as to these boys. Counsel says that all of these boys followed this dual track of this truck up the line several feet, clear up past Hansen's car. Now did they? Was that their testimony? You remember what it was. If I do not give it to you exactly, pay no attention to what I say, remember what the witness said."

The record does not contain the argument of appellants' counsel, and contains only so much of the argument of respondents' counsel as appellants believed objectionable. We do not know what appellants' counsel had said concerning the testimony of these witnesses. The jury had heard the evidence, and under the circumstances disclosed by the record, we find no basis for appellants' contention that the trial court should have admonished respondents' counsel or otherwise interfered with counsel's discussion of the testimony which the jury had heard. The trial court properly observed that the jury must rely upon their own recollection of the testimony.

At the scene of the accident, the road upon which the two cars were proceeding was of ample width to permit the machines to safely pass each other if each was occupying only its right side of the road. Clearly, one car or the other was at fault, unless both cars were

to blame. It was for the jury to determine where the fault lay and fix the damages, which they did; and a careful consideration of appellants' assignments of error convinces us that the same are without merit.

The judgment appealed from is accordingly affirmed.

STEINERT, C. J., MILLARD, GERAGHTY, and ROBINSON, JJ., concur.