[No. 27612. Department One. April 12, 1940.]

MARTHA DAVIDSON, *as Administratrix, Respondent,* v. A. L. HUERBY *et al., Defendants,* EMIL DAVISCOURT, *Appellant.*[1]

*J. W. Graham* and *C. D. Cunningham,* for appellant.

*L. B. Sulgrove* and *Doane Brodie,* for respondent.

ROBINSON, J.—This is a case in which the personal representative of a pedestrian who was killed by an automobile while attempting to cross a city street at an intersection, sought damages with respect to the deceased's alleged wrongful death. The plaintiff recovered a jury verdict upon which judgment was entered.

The appellant's brief states that the appeal presents the following questions:

"(1) Did the plaintiff establish facts sufficient to constitute negligence on the part of defendant Daviscourt?

"(2) Did the evidence of plaintiff establish contributory negligence on the part of deceased?

[1]Reported in 100 P. (2d) 1035.

"(3) Did the uncontradicted evidence presented by and on behalf of defendant, establish contributory negligence on the part of deceased?" .

These questions, it will be noted, are wholly factual, and, since the jury found a verdict for the plaintiff, necessarily it answered question 1 in the affirmative. If, therefore, there was any substantial evidence upon which to base such an answer, this court has no right to substitute a different conclusion.

As to questions 2 and 3, since contributory negligence is an affirmative defense, it was the defendant's burden to establish it by a preponderance of the evidence. Unless the evidence as to this point was so conclusive as to leave room for no conclusion other than that the deceased was negligent, that question was also foreclosed by the jury's verdict.

We have carefully examined the statement of facts, consisting of one hundred and fifty pages of evidence given at the trial and illustrated by six exhibits, principally maps and photographs. We find evidence which, if believed—and the jury was the exclusive judge as to that—established the negligence of the driver of the automobile.

As to the question of contributory negligence, there is a great deal of evidence, direct, circumstantial, and physical, tending to support that defense, but some of it was disputed by conflicting evidence, some of it was subject to evaluation by the jury, and there is, clearly, room for differences of opinion with respect to conclusions to be drawn from the physical facts. That issue, also, was, therefore, concluded by the verdict of the jury.

The judgment appealed from is affirmed.

BLAKE, C. J., MAIN, MILLARD, and SIMPSON, JJ., concur.