[No. 28317.  *En Banc.*  May 6, 1941.]

VICTOR BILSKI, *Respondent,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Defendant,* WILLAPA
HARBOR LUMBER MILLS, *Appellant.*[1]

[1]Reported in 113 P. (2d) 62.

*T. J. Hanify,* for appellant.

*Harry Ellsworth Foster* and *Roy W. Seagraves,* for respondent.

SIMPSON, J.—Victor Bilski was injured, while in the employ of Willapa Harbor Lumber Mills March 11, 1936, and thereafter filed his claim for compensation with the department. The claim was allowed and compensation paid to June 9, 1936.

January 10, 1938, claimant filed an application to reopen his claim, which application was granted February 10, 1938. He was then examined by physicians for the purpose of ascertaining the nature of his complaint. February 11, 1938, his claim was reopened, effective February 8, 1938, for treatment only. This order was rescinded by the supervisor of industrial insurance April 19, 1938, until the claimant would submit to a cystoscopic examination. Claimant then filed an application with the joint board for the reopening of his claim. That application was granted. The joint board heard testimony concerning the claim, reversed the action of the supervisor, ordered the reopening of the claim for an award of ten degrees permanent partial disability, and ordered the claim to be closed thereafter.

Claimant appealed to the superior court, and the case was tried to a jury, resulting in a verdict favorable to claimant. The jury, answering special interrogatories, found that the workman was suffering from total temporary disability as a result of the accident. Judgment was entered upon the verdict, reversing the order of the joint board and remanding the case to the department, with instructions to reopen the claim

". . . and to pay him compensation for temporary total disability from the 8th day of April, 1938, and to render him the medical aid provided by law. . . ."

The employer presented a motion for judgment n. o. v., and in the alternative for a new trial. The motion was denied, and this appeal was taken by the employer.

The assignments of error are: (1) A refusal to grant judgment notwithstanding the jury's verdict; (2) a refusal to grant a new trial; and (3) the entry of judgment upon the jury's verdict. Under the assignments of error, the only question for our consideration is whether there was sufficient evidence to justify the submission of the case to the jury.

■ "If the evidence introduced at the hearing before the joint board offers room for a difference of opinion in the minds of reasonable men, then the case must be presented to the jury." *Alfredson v. Department of Labor & Industries,* 5 Wn. (2d) 648, 105 P. (2d) 37.

Accord *Darling v. Department of Labor & Industries,* 6 Wn. (2d) 651, 108 P. (2d) 1034.

■ In considering the motion for judgment n. o. v., the plaintiff is entitled to have weighed in his favor every reasonable inference to be deduced from the evidence.

The evidence taken before the joint board and presented to the jury, viewed in the light most favorable to respondent, showed that, before the injury, he was an able-bodied man, in good health, and able to perform hard manual labor; that, at the time of the accident, he suffered a severe contusion of the back in the sacroiliac and lumbosacral region by being pressed between a thirty foot timber and a table of some kind, not definitely described; that he was taken to a hospital, where he stayed for some time, after which he was given additional treatments; and that, to support his back, he was furnished an iron brace, which he has continued to wear.

Respondent testified that, before the accident, he was able to work and had no pain in his back, but that after the accident he could "lift nothing," and that he could "bend a little bit that way but sideways is worse"; that he was weak, and suffered pain in the region of his back at all times.

One doctor testified that, April 22, 1938, he took an X ray of respondent's back in the lumbosacral region and found:

". . . an old fracture of the 5th lumbar with a displacement of the 4th to the left. Displacement of the 4th to the left with some rotation of the vertebra. In addition there is two shadows, dense shadows, apparently in the lumbar muscles on the left side, one between the first and second and one between the third and fourth, which I was unable to interpret. They are visible in both views and seem to be alongside the bodies of those vertebrae I have mentioned."

Asked as to what extent respondent was disabled, the doctor replied, "I don't think he can follow a gainful occupation at this time." He stated further that the muscles of the back were decidedly in spasm, caused by the altered position of the fourth lumbar, and possibly by some nerve irritation as a result of this altered position.

Another doctor who examined respondent stated that he, too, found a slipping of the vertebrae, and that, if this were eliminated, the pain would be relieved. The attending physician stated in a report made April 5, 1938, that respondent's case was "proper for time loss."

Arrayed against this evidence, to which we have just referred, was that of several doctors who testified that, in their opinion, the condition of respondent was due to an infection of the urinary tract or of the prostate gland.

Appellant has argued that the testimony of the

doctors, who said that respondent's condition was due to spinal disturbances, did not constitute sufficient evidence to support the verdict of the jury, since one of them did not positively state that the spinal condition was a result of the particular injury which is the basis of the claim, and the other had not examined the claimant for prostatic or urinary tract weaknesses.

The first of these objections is of no validity, in view of the fact that it was quite possible for the jury to conclude, from the physical facts to which the doctor testified, that the spinal condition had been caused by the accident of March 11, 1936, and we have held that, where there is room for a difference as to the conclusions to be drawn from physical facts, the verdict of the jury is conclusive. *Davidson v. Huerby,* 3 Wn. (2d) 460, 100 P. (2d) 1035.

The second of these objections also fails, since the degree of completeness of the examination made by the doctor could only affect the weight to be given to his testimony, and here, too, the courts are bound by the verdict of the jury. *Kelly v. Drumheller,* 150 Wash. 185, 272 Pac. 731.

Since there was substantial evidence supporting the verdict of the jury, this court cannot disturb that verdict.

The judgment is affirmed.

ALL CONCUR.