[No. 17409.  Department One.  December 11, 1922.]

FRED HUBER, *Appellant,* v. E. C. HAMLEY *et al.,*
*Respondents.*[1]

PHYSICIANS AND SURGEONS (12)—MALPRACTICE—NEGLIGENCE—BUR-
DEN OF PROOF—INSTRUCTIONS. In an action for malpractice in reduc-
ing the fracture of an arm, and in the treatment, it is error to give
an instruction placing the burden of proof upon the plaintiff to
establish the fact that he was not guilty of negligence contributing
to the injury sustained.

SAME (12). In such an action, it is error to instruct the jury
that the only question for the jury is whether the defendants had
properly reduced the fracture, where the principal issue in the case
was their responsibility for failing to properly treat the fracture
after its reduction.

Appeal from a judgment of the superior court for
Franklin county, Sessions, J., entered March 28, 1922,
upon the verdict of a jury rendered in favor of the
defendants, in an action for malpractice. Reversed.

*Driscoll & Horrigan,* for appellant.

*Edward A. Davis,* for respondents.

MACKINTOSH, J.—The appellant claims that the re-
spondents, who are physicians and surgeons, negli-
gently reduced a fracture in his right arm, and
negligently treated the fracture after the reduction.
Upon the trial, the following instruction was re-
quested:

"You are instructed that where a physician under-
takes the treatment of a patient, not only must he use
reasonable but ordinary skill and care in said treat-
ment at the time he takes charge of said case, but also
must he use ordinary skill and care in the subsequent
treatment of the case, and it is his duty to give the
patient such attention after the first examination or
reduction of the fracture as ordinary physicians and

[1]Reported in 210 Pac. 769.

surgeons, possessing ordinary skill and intelligence, practicing in the same general locality, would deem necessary in similar case, and if you find from the evidence the defendants attempted to reduce the fractured radius for said plaintiff, but did not thereafter use reasonable care and skill in the subsequent treatment of said fractured bone, or such care as is imposed upon physicians holding themselves out as physicians and surgeons possessing the ordinary knowledge and skill of the physicians and surgeons located and practising their profession in the same general locality, and if you further find from the evidence that because of such failure to use reasonable care and skill in the original treatment, or subsequent treatment of the injured arm, the plaintiff was permanently injured or suffered pain, injury and damage, then you will find for the plaintiff in such sum as you deem just and proper.''

It is conceded by the respondents that this instruction properly states the law, but it is argued that the substance thereof was actually given in other instructions. Were this the only error assigned by the appellant, the case would not be reversed, but in view of the fact that a reversal must take place on account of matters hereafter to be mentioned, this instruction would be proper to be given upon a new trial.

Error is assigned upon the giving of the following two instructions:

''I instruct you that the burden of proof is upon the plaintiff; and in order that the plaintiff recover in the action he must prove by preponderance of the evidence the following: First, that the defendants did not, with medical skill and care, properly treat plaintiff and his fractured arm; second, that such failure so to treat plaintiff with reasonable and ordinary skill, as defined in these instructions, resulted in the injury complained of; third, the said alleged injury is due to lack of the exercise of ordinary skill and care and not otherwise; fourth, that the plaintiff was not guilty of negligence

contributing to such injury. And a failure to establish any of these matters required that the jury shall find a verdict for the defendants.''

''The court instructs the jury that the *only* (appellants' italics) question in this case for your determination is whether the defendants, when the plaintiff called upon them on the 25th day of May, 1921, properly reduced the fracture in the plaintiff's forearm and gave him proper and necessary directions and instructions for the care of the same. If they did, then they cannot be held liable for any injury resulting from any re-dislocation of the said fracture that may have afterward occurred.''

The first one of these instructions is erroneous for the reason that it places the burden of proof upon the plaintiff to establish the fact that he was not guilty of contributory negligence. The second instruction was erroneous for the reason that the jury was thereby instructed that the only question for its determination was whether the defendants had improperly reduced the fracture, whereas, as a matter of fact, the most important issue before the jury was the question of the defendants' responsibility for failure to properly treat the fracture after its reduction. Neither of these instructions should have been given, and they so vitally affect the appellant's rights that the giving of them was prejudicial, and for that reason the judgment of the lower court is reversed and a new trial granted.

PARKER, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.