[No. 26224. Department One. January 16, 1937.]

VERA D. HURST et al., Respondents, v. C. A. PETERSON et al., Appellants.[1]

*W. G. Coleman,* for appellants.

*Cary M. Rader* and *Homer I. Watts,* for respondents.

[1]Reported in 64 P. (2d) 788.

GERAGHTY, J.—In their amended complaint, the plaintiffs alleged the execution of an agreement between themselves and the defendants, by the terms of which they were to purchase from the defendants a two-ton Dodge truck, to be delivered at the factory in Detroit. The plaintiffs were to pay for the truck by delivering to the defendants a 1932 model Dodge truck, at a valuation of six hundred dollars, with the balance payable in monthly installments of $58, the first installment to be payable January 5, 1935.

It was alleged that the defendants represented to the plaintiffs that the new truck would be ready for delivery at the Dodge factory on or before December 1, 1934, and it was agreed that plaintiff LaVerne Hurst would go to Detroit at his own expense and receive delivery of and drive the new truck to Freewater, Oregon, where the plaintiffs resided; and it was also agreed that plaintiff LaVerne Hurst would transport on his truck another truck for the defendants, for which the plaintiffs were to receive a credit of two hundred dollars on the purchase price of the new truck.

On November 14, plaintiff LaVerne Hurst, with the knowledge and approval of the defendants, started for Detroit to receive delivery of the truck. On arriving, he learned that the type of truck purchased was not then in production, and delivery could not be made as contracted for. He then telegraphed his father, J. S. Hurst, to cancel the contract of purchase, which was done on November 28, 1934. It is alleged that, while the old truck was not to be delivered to the defendants until delivery to the plaintiffs of the new truck, the defendants, by falsely representing to plaintiff Vera D. Hurst, the mother of LaVerne Hurst, that they had received a wire from the Dodge factory in Detroit that the new truck was available and ready for delivery, obtained possession of the old truck.

The plaintiffs prayed judgment for six hundred dollars, the value of the used truck taken by defendants, and for other incidental items of damage resulting from breach of the contract.

The defendants, after certain admissions and denials, alleged the execution by the parties of a written purchase order and a contract of conditional sale, under which the plaintiffs gave the defendants an order for the new Dodge truck with special equipment, requiring extra time for the factory to fill, and that no time limit for delivery was agreed upon between the parties, as it was not known when the specially made motor vehicle could be delivered; that the order and conditional sale contract were still in force between the parties, and that the plaintiffs unjustifiably attempted to cancel or rescind them, which could not be done without the defendants being compensated for their expenses and liability to the factory, the damages sustained up to that time being $649. The defendants, although alleging the belief that they were the absolute owners of the used truck, nevertheless were ready and willing to return it to plaintiffs upon payment of their claim for damages.

In their reply, the plaintiffs alleged that a complete written agreement was at no time entered into between the parties, but that, while part of the contract may have been written, it was so modified by oral agreements that the entire contract became oral.

Trial to a jury resulted in a verdict in favor of the plaintiffs for $477. After denial of a motion interposed by the defendants for judgment notwithstanding the verdict, judgment was entered upon the verdict. The defendants appeal.

As the appellants made no motion for a new trial, the sole issue before us is the sufficiency of the

evidence to sustain the verdict of the jury, raised by the denial of the motion for judgment notwithstanding the verdict. The appellants contend that there was not sufficient evidence to establish the value of the trade-in truck. This truck was to be taken in part payment at an agreed value of six hundred dollars. This agreed figure, however, was fixed by the parties for trade-in purposes and would not of itself be conclusive as to value.

The respondent Mrs. Hurst testified that, when one of the appellants took possession of the old truck on the representation that word had been received from Detroit that the new truck was ready for delivery, he stated to her that the old truck had been sold for seven hundred dollars. The purchaser of the truck, testifying as a witness for the appellants, was somewhat indefinite as to the price paid. He first testified that he paid six hundred dollars, but later qualified this by saying that this included "the cost of financing;" and that the actual price of the truck was $510. Appellant Maughan testified that sums aggregating $270 were spent on repairs before the truck was sold. He did not, however, give the items in detail. He stated that the truck was worth $250 before the repairs were made. Another witness for appellants placed the value at $350.

In weighing the sufficiency of the evidence on a motion for judgment *non obstante veredicto,* the court is to take that view of the evidence most favorable to the party against whom the motion is made, and where the motion is made by the defendant the plaintiff is entitled to the benefit of any favorable evidence adduced by the moving party. *Fleming v. Buerkli,* 159 Wash. 460, 293 Pac. 462.

We think there is evidence enough in the case as a

whole from which the jury could reach a conclusion as to the value of the truck.

Another fact to be borne in mind is that the verdict was general and may be assumed to have covered all items submitted to the jury by the court's instructions.

In addition to the question of the value of the truck, the court submitted to the jury the issue whether the appellants had agreed to pay respondents fifty dollars on account of the expenses incurred by respondent LaVerne Hurst in returning from Detroit, or whether this sum was to be credited as an allowance on the new truck; and that, if the jury found the agreement was for payment of the fifty dollars to the respondents, then they would be entitled to recover that sum. The jury may have found in favor of respondents on this item and included it in the general verdict.

The judgment is affirmed.

STEINERT, C. J., MAIN, MILLARD, and BLAKE, JJ., concur.