[No. 26160. *En Banc.* June 1, 1937.]

WILLIAM H. GROSS, *Appellant*, v. KENNETH PARTLOW, *Respondent.*[1]

[1]Reported in 68 P. (2d) 1034.

*John Geisness* and *L. B. Sulgrove,* for appellant.

*Thos. L. O'Leary,* for respondent.

MAIN, J.—This action was brought to recover against the defendant, a physician and surgeon practicing in Olympia, this state, to recover damages for claimed malpractice. The defendant denied liability, and pleaded affirmatively that the plaintiff had failed to follow directions in the care of himself. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of ten thousand dollars. The defendant moved for judgment notwithstanding the verdict and also for a new trial. The motion for new trial was overruled, and the motion for judgment notwithstanding the verdict was granted. From the judgment entered dismissing the action, the plaintiff appeals.

December 13, 1932, the appellant, while engaged at work, was seized with severe pains in his abdomen. The respondent was called as the appellant's private physician. The appellant was removed to St. Peter's Hospital, where the respondent made a tentative diagnosis. The following day, or December 14th, the appellant's condition having become more acute, an exploratory operation was performed at the hospital by the respondent, two other doctors assisting. After the incision was made, it was ascertained that there was an adhesion of the bowels which had caused an obstruction. These adhesions were removed, the bowel straightened, and the wound closed.

The testimony as to the condition at the time of the operation is in dispute, one doctor testifying that there was no infection and no drainage was allowed to remain. The respondent and the other doctor testified that there was infection and drains were necessary.

Subsequent to the operation, the appellant suffered

the ordinary post-operative nausea. Several days afterwards, however, he began to throw up matter different in character. This is described in the medical testimony as "fecal" matter and indicated that it was coming from the lower bowels. This condition continued for seventeen or eighteen days after the operation, when one of the intestines ruptured and through this rupture the contents of the bowels and stomach forced their way through the incision, and in the region of the navel, which was at the upper end of the incision, there was created an opening which is termed a "fistula." Thereafter, the contents of the bowels discharged through this fistula.

The appellant remained in the hospital under the care of the respondent until approximately the 17th day of January, when he left. As to whether he left with or without the consent of his attending physician, there is a dispute. Thereafter, the doctor visited him at his home near the city of Olympia, on several occasions over a period of about three weeks, and subsequently ceased the visits. The evidence is in dispute as to whether the visits were discontinued by the doctor, or whether the appellant desired such discontinuance and had discharged the respondent. Thereafter, for a period of about two years, the appellant continued to reside on his farm, the fistula condition continuing, and all the discharge from the bowels, which would ordinarily pass out through the rectum, passed through the fistula.

At the end of about two years, the appellant was operated upon in the city of Centralia by another doctor, and at this time there was an obstruction in the bowels where the previous operation had been performed. As to whether, after the operation performed by the respondent and while the appellant was in the hospital, there developed an obstruction in the bowels

or a paralysis which forced the fecal matter out through the fistula, the evidence is in dispute. After the operation at Centralia, which was successful, the fistula was healed and the movements of the bowels took place in the ordinary way. Subsequently, the present action was brought for the purpose above stated.

The principal question presented upon the appeal is whether the evidence was sufficient to take the question of the respondent's negligence to the jury.

It is a settled rule that a motion for judgment notwithstanding the verdict calls for the exercise of no discretion on the part of the court, and can only be granted when there is no evidence and no reasonable inference from evidence to go to the jury. *Hopkins v. Lotus Cafe, Inc.,* 161 Wash. 493, 297 Pac. 178. That rule is applicable in malpractice cases as well as others. *Stickney v. Congdon,* 140 Wash. 670, 250 Pac. 32; *Samuelson v. Taylor,* 160 Wash. 369, 295 Pac. 113; *Sears v. Lydon,* 169 Wash. 92, 13 P. (2d) 475.

Inquiry will then be directed as to whether there was any evidence or reasonable inference from evidence which would take the case to the jury. From the evidence, the jury had a right to find that, at the time of the operation, there was no infection; that, some days after the operation, there was an obstruction in the bowels; that the appellant was discharged from the hospital prior to the time his condition justified such discharge; that the respondent ceased to treat the appellant after the latter had returned to his home at a time when he needed further medical attention. In addition to this, the fact that a subsequent operation was necessary, while not sufficient in itself to take the case to the jury, was some evidence of negligence. *Cornwell v. Sleicher,* 119 Wash. 573, 205

Pac. 1059; *Howatt v. Cartwright,* 128 Wash. 343, 222 Pac. 496.

A physician or surgeon who undertakes an operation upon a patient is not justified, after such operation, in ceasing to attend the patient while further care and treatment are necessary. *Huber v. Hamley,* 122 Wash. 511, 210 Pac. 769; *Prather v. Downs,* 164 Wash. 427, 2 P. (2d) 709. There are instances where facts alone prove the negligence, and where it is unnecessary to have the opinions of persons skilled in the particular science to show unskilled and negligent treatment. *Cornwell v. Sleicher,* 119 Wash. 573, 205 Pac. 1059.

It is not necessary that a case of malpractice be proved by direct and positive evidence, and it may be proved by a chain of circumstances from which the ultimate fact required to be established is reasonably and naturally inferable. *Helland v. Bridenstine,* 55 Wash. 470, 104 Pac. 626; *Jordan v. Skinner,* 187 Wash. 617, 60 P. (2d) 697. From the facts stated, which the jury had a right to find, there is created a chain of circumstances from which the jury had a right to infer negligence.

We have not overlooked the rule that, where, upon a given state of facts, physicians and surgeons of equal skill and learning disagree in their opinions as to what the proper treatment should have been, there is no question for the jury. It is enough if the treatment actually employed had the approval of at least a respectable minority of the medical profession and is recognized by such as a proper method. *Dahl v. Wagner,* 87 Wash. 492, 151 Pac. 1079; *Howatt v. Cartwright,* 128 Wash. 343, 222 Pac. 496. But that rule is not applicable to disputed questions of fact such as appear in this case. The facts in the case here presented, which the jury had a right to find, are more persuasive in establishing negligence than they were

in the case of *Jordan v. Skinner,* 187 Wash. 617, 60 P. (2d) 697, where it was held that the question was one for the jury.

The case of *Dishman v. Northern Pac. Beneficial Ass'n,* 96 Wash. 182, 164 Pac. 943, is upon different facts, and is not out of harmony with the holding in this case.

The trial court erred in granting the motion for judgment notwithstanding the verdict.

Upon the motion for new trial, little need be said. There are a number of contentions, briefly presented, without citation of authority, all of which we have considered, and in none of them do we find substantial merit. The motion for new trial was properly overruled.

The judgment appealed from will be reversed, and the cause remanded with direction to the superior court to enter a judgment upon the verdict.

HOLCOMB, MILLARD, BLAKE, and ROBINSON, JJ., concur.

TOLMAN, J. (dissenting)—The only actionable negligence pleaded or which was in any manner attempted to be proved was the alleged failure on the part of respondent Partlow to discover the supposed obstruction of the bowels occurring after the operation performed by him. All other allegations are either wholly immaterial or tend only to aggravate the damages and warrant a greater recovery.

As I read the record, nobody testified that there was, in fact, such an obstruction of the bowels as is alleged following the operation by Dr. Partlow; and by reason of the lack of any substantial evidence in that respect, the judgment of the trial court is right. But, if it be assumed, contrary to the rule that presumptions do not run backward, that the testimony of the phy-

sician who performed the last operation might be construed to mean that the condition he then found came into existence immediately following the operation by Dr. Partlow, even then the judgment n. o. v. was properly granted under authority of the case of *Dishman v. Northern Pac. Beneficial Ass'n,* 96 Wash. 182, 164 Pac. 943.

In that case, Judge Parker carefully discussed all of the evidence and on this particular subject said:

"On the other hand, of the eight physicians and surgeons testifying, five, of apparent equal skill and learning in their profession with the other three, are of the opinion that the extensor tendons of Dishman's hand and wrist are not severed, that Dr. Thompson not only did not fail to exercise a reasonable degree of skill and judgment in not operating upon the injured parts, but that his treatment of the injury was, in their opinion, such as the judgment of a skillful and prudent physician and surgeon would, under all of the circumstances, have dictated. Not only that, the opinion of these five physicians and surgeons is, in substance, that Dr. Thompson would have been pursuing the correct course in not operating upon the injured parts even had he been of the opinion that the extensor tendons were severed, in view of the serious injury to the carpal bones of the wrist and the fact that there had been no breaking of the outer flesh and skin."

It is immediately apparent that in the *Dishman* case, *supra,* this court recognized that no physician is absolutely bound to discover that which is concealed and obscure, but if he uses reasonable skill in making his diagnosis he has performed his full duty, notwithstanding the fact that he has not discovered the full extent of the injury or the malady.

This position is reasonable and just. Physicians in many cases are bound to judge and form their opinion from symptoms, and if they use due care and due

skill in so judging from symptoms, according to the *Dishman* case they are not liable if such care and skill do not reveal the true situation. Either the *Dishman* case should be followed or it should be overruled. Until overruled, I deem it my duty to follow it.

The evidence is all to the effect that, by the use of due care and skill, Dr. Partlow arrived at the opinion that there was no obstruction of the bowels, but only the usual post-operative paralysis. The proof in no way controverts Dr. Partlow's diagnosis. Hence, this is not even a case where doctors disagree.

I therefore dissent.

STEINERT, C. J., GERAGHTY, and BEALS, JJ., concur with TOLMAN, J.

[1]Reported in 68 P. (2d) 1031.