[No. 28116. Department One. December 23, 1940.]

FLOYD DARLING, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *June Fowles, Assistant,* for appellant.

*John C. Richards* and *Earl W. Husted,* for respondent.

ROBINSON, J.—Floyd Darling suffered an injury in the course of his employment on December 25, 1937. His claim was closed on March 9, 1938. On December 2, 1938, he claimed aggravation. He was, by order of the department, examined by two physicians. On December 27, 1938, the department made an order denying the reopening of the claim, based upon a finding

[1]Reported in 108 P. (2d) 1034.

that there had been no aggravation. On January 27, 1939, he appealed from that order, and the joint board, by order of January 8, 1940, sustained the order of the department. The claimant then appealed to the superior court of Snohomish county, and the matter came on for trial before the court, sitting with a jury, on March 15, 1940. There was a verdict for the claimant, and judgment was entered thereon. The department appeals.

In its brief, the department says that the issue involved is as follows:

"Is the verdict of a jury, finding that the claimant 'knew aggravation of the injury as alleged,' sufficient to bind the court to enter a judgment reversing the department when the overwhelming weight of evidence sustains the department's ruling?"

Its assignments of error are as follows:

"(1) The court erred in submitting the interrogatory to the jury as follows: 'Do you find that plaintiff knew aggravation of the injury as alleged? (Yes or no) "Yes" ' for the reason that the same is misleading.

"(2) The court erred in submitting the cause to the jury for the reason that there was no evidence upon which the jury could rightfully find that the claimant had suffered aggravation of his condition or the loss of any time as a result thereof. There could be no reopening except upon aggravation of the condition existing at the time of the closing.

"(3) The court erred in entering a judgment on the verdict for the reason that there was no evidence to sustain the verdict and no foundation for a judgment thereon."

The respondent, with good and, perhaps, sufficient reason, questions whether there is any foundation for the assignments. The appellant did not challenge the sufficiency of the evidence, or move for a directed verdict, or except to any instruction given by the court, or object to the form of the interrogatory which

was included therein; nor did it move for judgment notwithstanding the verdict, or for a new trial. Ordinarily, an appellate court will not review alleged errors which the trial court was given no opportunity to correct. As to whether the assignments can be considered, we will, however, give the appellant the benefit of the doubt, if any.

█ A sufficient answer to the first assignment is that the interrogatory complained of was a part of instruction No. 7, which was read in open court, and no exception was taken thereto. If the trial counsel for the department considered it in any way misleading, she should have called the matter to the court's attention at the time. Silence under the circumstances amounted to approval and consent. In any event, although the phrasing of the interrogatory is somewhat unusual, we find it perfectly understandable, especially when considered with the instructions taken as a whole.

█ This case was tried in March, 1940, long after chapter 184, Laws of 1939, p. 579, Rem. Rev. Stat. (Sup.), § 7697-2 [P. C. § 3488-21], became effective, providing that a verdict in such cases as this has the same force as a verdict in actions at law. Such a verdict must stand if there is any substantial evidence, as distinguished from a mere scintilla of evidence, to support it. *Alfredson v. Department of Labor & Industries*, 5 Wn. (2d) 648, 105 P. (2d) 37.

It is clear, then, that, since there was a jury verdict, there can be no such issue in this court, as is stated in appellant's brief. It is equally clear that it is not for us to decide whether a verdict is rightful, as implied by the second assignment of error; nor would it have been within the province of the trial judge to consider that question upon a motion for judgment notwithstanding the verdict, had one been made. After

verdict rendered, neither the trial court nor this court is concerned with questions of preponderance, but only with the question: Is there any substantial evidence to support the verdict?

It is true that the evidence given on behalf of the claimant is not very convincing, especially in the light of the wealth of conflicting evidence, but the members of the jury evidently believed it.

The judgment appealed from is affirmed.

BLAKE, C. J., MAIN, STEINERT, and DRIVER, JJ., concur.