684

THEODORE OMEITT, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Harry L. Parr, Assistant,* for appellant.

*Griffin & Gershon,* for respondent.

[1]Reported in 152 P. (2d) 973.

STEINERT, J.—Plaintiff was injured in February, 1942, while engaged in extrahazardous employment as defined and classified in the workmen's compensation act. He was hospitalized, given medical treatment, and reimbursed for his time loss. His claim for compensation, filed with the department of labor and industries, was closed by the supervisor of industrial insurance in June, 1942, with an award of $418.80 for permanent partial disability. Being dissatisfied with the amount of the award, plaintiff petitioned for and was granted a rehearing by the joint board. At the rehearing, testimony of both lay and expert witnesses was taken. Upon consideration of the entire record before it, the joint board sustained the order of the supervisor. Plaintiff thereupon appealed to the superior court, where trial was had by jury upon the departmental record. The jury returned a verdict for the plaintiff in a sum considerably greater than the amount of the original award. The department moved for judgment notwithstanding the verdict. The motion was denied, and judgment on the verdict was entered. The department appealed.

The sole error assigned by the appellant department is the refusal of the trial court to grant it a judgment notwithstanding the verdict.

■ Under chapter 184, Laws of 1939, p. 579 (Rem. Rev. Stat. (Sup.), § 7697-2 [P. C. § 3488-21]), the verdict of a jury in industrial insurance cases has the same force and effect as a verdict in actions at law. *Alfredson v. Department of Labor & Industries,* 5 Wn. (2d) 648, 105 P. (2d) 37; *Calkins v. Department of Labor & Industries,* 10 Wn. (2d) 565, 117 P. (2d) 640; *Cooper v. Department of Labor & Industries,* 11 Wn. (2d) 248, 118 P. (2d) 942.

■ It is the firmly established rule that a motion for judgment notwithstanding the verdict involves no element of discretion and will not be granted unless the court can say, as a matter of law, that there is neither evidence nor reasonable inference from evidence sufficient to sustain the verdict. *Hart v. Hogan,* 173 Wash. 598, 24 P. (2d) 99; *Tjosevig v. Butler,* 180 Wash. 151, 38 P. (2d) 1022; *Stevich v. Department of Labor & Industries,* 182 Wash. 401, 47 P.

(2d) 32; *Gross v. Partlow,* 190 Wash. 489, 68 P. (2d) 1034; *Gibson v. Spokane United Rys.,* 197 Wash. 58, 84 P. (2d) 349; *Griffin v. Cascade Theatres Corp.,* 10 Wn. (2d) 574, 117 P. (2d) 651; *Richey & Gilbert Co. v. Northwestern Natural Gas Corp.,* 16 Wn. (2d) 631, 134 P. (2d) 444.

■ In ruling on a motion for judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the party against whom the motion is made, and all material evidence favorable to the contention of the party benefited by the verdict must be taken as true. *Larpenteur v. Eldridge Motors,* 185 Wash. 530, 55 P. (2d) 1064; *Boyd v. Cole,* 189 Wash. 81, 63 P. (2d) 931; *Hurst v. Peterson,* 189 Wash. 169, 64 P. (2d) 788; *Caylor v. B. C. Motor Transp.,* 191 Wash. 365, 71 P. (2d) 162; *Corbaley v. Pierce County,* 192 Wash. 688, 74 P. (2d) 993; *Moen v. Chestnut,* 9 Wn. (2d) 93, 113 P. (2d) 1030; *Peterson v. Mayham,* 10 Wn. (2d) 111, 116 P. (2d) 259; *Billingsley v. Rovig-Temple Co.,* 16 Wn. (2d) 202, 133 P. (2d) 265.

■ If there is substantial evidence supporting the verdict of the jury, as distinguished from a mere scintilla of evidence, the verdict must stand. *Alfredson v. Department of Labor & Industries, supra; Darling v. Department of Labor & Industries,* 6 Wn. (2d) 651, 108 P. (2d) 1034; *Calkins v. Department of Labor & Industries, supra; Husa v. Department of Labor & Industries,* 20 Wn. (2d) 114, 146 P. (2d) 191.

By "substantial evidence" is meant that character of evidence which would convince an unprejudiced, thinking mind of the truth of the fact to which the evidence is directed. *Thomson v. Virginia Mason Hospital,* 152 Wash. 297, 277 Pac. 691. For other definitions of the term "substantial evidence," see 40 Words & Phrases (Perm. ed.) p. 499, and 1944 Cumulative Annual Pocket Part, p. 100.

With these rules in mind, we proceed to a consideration of the evidence adduced by the respondent. His own testimony may be briefly stated as follows:

On February 6, 1942, he was engaged in wrecking a four-story building. In the course of the work, a fellow employee pulled from underneath the respondent a timber on

which the latter was then standing, causing him to fall a distance of two and a half stories and strike upon the jagged edges of what had been a steel and iron fire escape. He was seriously injured in various parts of his body, particularly his back, right arm, and right leg. Three of the transverse processes of the lumbar vertebrae were fractured; a piece of jagged metal, two inches wide, pierced through his right leg; and the flesh and muscles of his right arm above the elbow were cut and a part of the bone was slivered off. He was taken to a hospital where he remained until March 19th, during the greater part of which time his arm was in a cast.

In the early part of May, 1942, respondent had recovered sufficiently to go to work again, but did not resume his original employment. Instead, he took a job as an electrician under another employer. Since that time, however, he has not been able to do any heavy work. His back gives him considerable trouble, and when he bends over he frequently is unable to straighten up again. At times, he cannot get up from his bed in the morning without assistance. The grip in his right hand is weak, and his elbow is stiff to the extent that he cannot touch his shoulder with the tips of his fingers. The calf of his leg is very tender in the region where it was cut, and from the calf to his toes the leg is numb. He also suffers frequent headaches. Prior to his injuries he was a strong, able-bodied man, capable of doing heavy work, but since the accident he not only suffers much pain but is limited to light forms of employment.

Respondent's principal witness was a physician who examined him in November, 1942, six months after respondent had returned to work, and again on the day of the hearing before the joint board. The physician testified at length with reference to the history of the case as given to him by the respondent and also with reference to his physical examination of the respondent on the same occasion. The doctor's recitation of the history of the case was practically the same as that given by the respondent in his own testimony. The witness then testified that respondent was able to bend forward bringing his hands within six inches of the floor,

.but to do so was very painful, indicating a stiffness .in the back; that respondent's lower spine is sore and tender to touch; straight leg bending causes pain through the lower spine, as does also cross-leg bending.

The physician then described the scars on respondent's right leg and testified that there was little or no sensation in the leg from the calf to the great toe; that the grip of respondent's right hand was only twenty-five percent of normal. He also described a scar where the upper arm had been cut, and pronounced a fifteen percent limitation of motion of the forearm at the elbow. The physician also examined and interpreted the X-ray pictures taken of the respondent while in the hospital and likewise the hospital operative records produced upon the trial. The witness attributed respondent's condition to the injuries received in the accident and expressed the opinion that respondent could not do any heavy work, but would be confined to light employment. He further expressed his opinion as to the amount of permanent partial disability of respondent's various injured members. The extent of these disabilities as stated by the physician was considerably greater than the percentages subsequently found by the jury in response to special interrogatories.

All of the evidence referred to above, given on behalf of the respondent, was offered and admitted without any objection interposed at any time by the appellant.

Appellant's evidence, adduced through two medical experts, was at variance with that of respondent, in so far as the extent and effect of his injuries were involved. Since, however, we are not here concerned with the question of the preponderance of the evidence, but only with the question of the sufficiency of respondent's evidence to support the verdict, we shall not detail the opposing testimony of appellant's witnesses.

At the conclusion of all the evidence, the trial court instructed the jury. Among the instructions was the following, to which no exception was taken:

"Several doctors have testified in this case, and their testimony has been read to you. While these doctors have testi-

fied as experts, you are instructed that you are to consider such testimony in connection with all other facts in evidence, and that you are to give such testimony such weight and credit as you shall deem it entitled to, taking into consideration the knowledge, skill and intelligence of such expert witnesses as disclosed in their testimony and by all the facts and circumstances shown and developed in their testimony. The value of opinion testimony is in all cases a question to be determined by the jury, and it is the duty of the jury to determine its verdict herein upon a consideration of all the evidence before them."

That instruction, together with all others not excepted to, became the law of the case.

■ A careful consideration of the record convinces us that the evidence adduced by respondent was substantial, within the rule above stated, and, if believed by the jury, as it manifestly was, would support the verdict.

Appellant's contention is that the evidence was insufficient because, so far as respondent's testimony was concerned, it was purely of a subjective character, and, so far as the testimony of his medical witness was concerned, it was based solely on what respondent had told him. We do not agree with appellant in either of these propositions. We believe that respondent not only testified to subjective symptoms, such as pain and discomfort, but also was permitted to, and did, testify to matters of an objective nature and significance. We are also of the view, from a fair consideration of the record, that the physician witness testified not only as to what was told him by the respondent concerning the history of the case, but also as to the results of his physical examination of the respondent, and that his expert opinion was based upon both considerations.

Appellant did not at any time object to the admission of respondent's evidence upon the grounds now assigned by it or upon any other grounds, but, on the contrary, on the rehearing before the department, cross-examined both the respondent and his physician witness on the matters testified to by them. Furthermore, appellant at no time moved to strike any portion of respondent's evidence, nor did it chal-

lenge the sufficiency of the evidence or move for a directed verdict, nor did it except to the instruction of the court, quoted above. Instead of taking any of these precautions, appellant submitted the case to the jury on the evidence and invited a verdict thereon.

■ It is well settled that objections to evidence cannot be raised for the first time on appeal. *Anderson v. Hilker,* 38 Wash. 632, 80 Pac. 848; *Hall v. Northwest Lbr. Co.,* 61 Wash. 351, 112 Pac. 369; *Rorabaugh v. Great Eastern Cas. Co.,* 117 Wash. 7, 200 Pac. 587; *Wilcox v. Carroll,* 127 Wash. 1, 219 Pac. 34; *Peterson v. Crockett,* 158 Wash. 631, 291 Pac. 721; *Bradley v. Consolidated Silver Mountain Mines Co.,* 162 Wash. 198, 298 Pac. 324; *Clise v. Scott,* 180 Wash. 207, 38 P. (2d) 1019; *Lally v. Graves,* 188 Wash. 561, 63 P. (2d) 361; *Holm v. Inv. & Securities Co.,* 195 Wash. 52, 79 P. (2d) 708; *Kull v. Department of Labor & Industries, ante* p. 672.

Since the verdict is supported by substantial evidence which was introduced without objection, appellant's assignment of error is without merit. The judgment is therefore affirmed.

SIMPSON, C. J., MILLARD, JEFFERS, and GRADY, JJ., concur.