[No. 29478. Department One. February 16, 1945.]

THE LONG-BELL LUMBER COMPANY, *Appellant*, v. ELIZABETH PARRY *et al.*, *Respondents*.[1]

[1]Reported in 156 P. (2d) 225.

*Hulbert, Helsell & Paul* and *Hulbert S. Murray,* for appellant.

*Imus & Imus,* for respondent Parry.

*The Attorney General* and *Rudolph Naccarato, Assistant,* for respondent Department of Labor and Industries.

MILLARD, J.—William H. Parry, age fifty-eight years, a sufferer from advanced coronary sclerosis, died November 18, 1942, while employed as a member of a cleanup crew in the mill of Long-Bell Lumber Company. The claim of the widow (Elizabeth Parry) for pension which the statute (Rem. Supp. 1941, § 7679) provides shall be paid to widow of workman whose death results from injury sustained in the course of his employment, was allowed by supervisor of the department of labor and industries. The employer of the deceased appealed from the supervisor's disposition of the claim to the joint board of the department, which entered an order affirming the action of the supervisor, from which order the employer appealed to the superior court for Cowlitz county. Trial of the cause to the court sitting with a jury resulted in verdict and judgment in accord with the department's allowance of the claim. The employer has appealed to this court.

Counsel for appellant insist that deceased did not sustain an injury, which caused his death, as that term is defined as follows in the workmen's compensation act:

"The word 'injury' as used in this act means a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without, and such physical condition as results therefrom." Rem. Rev. Stat. (Sup.), § 7675 [P. C. § 3470].

Counsel for appellant argue that there is not "one single piece of evidence" which even tends to prove that the de-

ceased "received a wound while on the job from an external act or occurrence, sudden and tangible in nature, which caused or materially caused his death"; instead, the evidence incontrovertibly establishes the fact that the cause of death was acute coronary thrombosis, the disease from which Parry was hospitalized from March 19, 1942, to April 7, 1942.

Counsel for appellant further contend that, even under the broad rule (which we are urged to abandon for the reason that it contravenes the workmen's compensation act and the cases announcing and reiterating the doctrine should, therefore, be overruled as they are not entitled to deference as precedent authority) enunciated by this court in the "heart cases," the burden, which she failed to sustain, was imposed upon the claimant to prove some exertion on the part of her deceased spouse "which caused or materially caused" his death.

We are committed to the rule that

" . . . a case comes within the workmen's compensation act where it appears that the workman collapsed from severe or over-exercise, coupled with pre-existing disease, such as hardening of the arteries." *McKinnie v. Department of Labor & Industries,* 179 Wash. 245, 257, 258, 37 P. (2d) 218.

In *Smith v. Department of Labor & Industries,* 179 Wash. 501, 503, 38 P. (2d) 212, we said:

"That Smith was suffering from chronic heart disease, which predisposed him to such an attack as that which caused his death, and that he 'might have died just the same if he hadn't been doing a thing,' is immaterial upon the question of the department's liability under the workmen's compensation act. The question is whether on June 21, 1933, the death was caused by a strain arising out of the ordinary work of the deceased operating upon a condition of body which was such as to render the strain fatal. If the facts answer that question in the affirmative, claimant is entitled to compensation under the act, as the death of her husband was the result of an accident arising out of, and in the course of, his employment."

See, also, *Barnes v. Department of Labor & Industries,* 6 Wn. (2d) 155, 106 P. (2d) 1069; *McCormick Lbr. Co. v. De-*

*partment of Labor & Industries,* 7 Wn. (2d) 40, 108 P. (2d) 807; *Northwest Metal Products Co. v. Department of Labor & Industries,* 12 Wn. (2d) 155, 120 P. (2d) 855; and *Atkinson Co. v. Webber,* 15 Wn. (2d) 579, 131 P. (2d) 421, 137 P. (2d) 814. In *Daugherty v. Department of Labor & Industries,* 188 Wash. 626, 630, 63 P. (2d) 434, we held that,

"If there is any credible evidence or reasonable inference warranting a finding that the immediate work in which he was engaged was the direct cause, or an inducing cause, of his sudden collapse, the fact of his preexisting condition and its possibility should not outweigh justifiable inferences from the attendant circumstances."

The fact of injury in the course of employment may be proved by circumstances as well as by direct testimony. It is not necessary that there should be eyewitnesses to the accident, or that the accident should be evidenced by external marks or wounds. *Guiles v. Department of Labor & Industries,* 13 Wn. (2d) 605, 126 P. (2d) 195.

Clearly, if we apply the rules cited above to the facts in the case at bar, the judgment must be affirmed.

The deceased was working November 18, 1942, with the cleanup crew in a sawmill of appellant. During the noon hour on the date mentioned, when the mill machinery was not in operation, deceased was conducted by one of the mill foremen upstairs to remove with a broom the sawdust back of the edgers in the mill. This cleaning work was done with a push broom which had an eighteen-inch brush and a handle five or six feet in length. The foreman pointed out the work to be performed by deceased and departed for some other point in the mill. On his return five minutes later to the place where he had assigned deceased, the foreman found Parry on his back on the floor with his feet toward the rolls and his head under an iron plate, which was about one-half inch thick and four inches square. The brush part of the broom was under the rolls and the handle was lying alongside and parallel to his body. His head was in a pool of blood—one witness testified "a quart or more." He had a wound on the back of his head. No one witnessed

the accident. Parry never regained consciousness and died shortly after he fell.

To clean the sawdust from under the machine, it was necessary for Parry to reach forward and pull it with the broom. At the place where he was working, two foot floor switch buttons which controlled the air jack on the skid and were operated with the foot, projected about two inches above the floor. It appeared to the foreman from what he observed on finding deceased that deceased tripped on one of the foot buttons, fell back, and struck his head on the iron plate at the edger.

Dr. William A. Johnson, the only medical witness called, testified that coronary occlusion was the cause of Parry's death. He testified that it was possible that Parry fell before he had a heart attack or that he could have had a heart attack prior to falling; that in his condition Parry might have lived six months, and that death was more apt to occur when exerting himself because of added burden on diseased heart; that the shock of falling could have caused the coronary occlusion; and that, if Parry had died first and then fallen, there would have been relatively no bleeding from the wound on the back of his head. It should be observed at this stage that the evidence is to the effect that, when found, the head of the deceased was in a pool of his own blood.

■ If Parry fell as a result of tripping on a foot button, struck his head on an iron plate, and bled profusely—attendant circumstances and evidence amply sustain this theory —the department and jury were warranted in finding that the fall was the direct cause, or an inducing cause, of the coronary occlusion. It would have been error, as the evidence stood in this case, had the trial court granted a motion for judgment notwithstanding the verdict. *Sumerlin v. Department of Labor & Industries,* 8 Wn. (2d) 43, 111 P. (2d) 603; and *Omeitt v. Department of Labor & Industries,* 21 Wn. (2d) 684, 152 P. (2d) 973.

Conceding, *arguendo,* that we have erred in following the "heart case" rule enunciated in *McKinnie v. Department of*

*Labor and Industries, supra,* the legislature, which is now in session, may correct that error if it sees fit to do so.

The judgment is affirmed.

BEALS, C. J., STEINERT, JEFFERS, and GRADY, JJ., concur.

March 21, 1945. Petition for rehearing denied.

