[No. 31010.   Department One.   May 5, 1950.]

GEORGE W. CLAYTON, *Appellant,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Respondent.*[1]

*Walthew, Gershon, Yothers & Warner,* for appellant.

*The Attorney General* and *Bernard A. Johnson, Assistant,* for respondent.

DONWORTH, J.—This case involves the claim of an injured workman against the department of labor and industries based upon an alleged aggravation of his condition subsequent to the closing of his original claim. He was allowed ten per cent of the maximum for unspecified disability, whereas he contended that he was entitled to an allowance of forty per cent.

While the testimony of the medical experts, given at the hearing before the joint board, was in conflict as to the cause of plaintiff's physical condition, the basic facts are not in dispute. The situation presented by this case was well stated by the trial court in its instructions to the jury as follows:

[1]Reported in 217 P. (2d) 783.

"This is an action by the plaintiff, George W. Clayton, against the Department of Labor and Industries of the State of Washington and involves a claim for an industrial injury sustained by the plaintiff while engaged in an extra-hazardous occupation.

"On March 2, 1929, while plaintiff was employed as a brakeman for the Sauk River Lumber Company of Seattle, Washington, he was struck on the left side of the head by a brake club which had slipped from the hand of a fellow employee, sustaining a skull fracture. He filed a claim with the Department of Labor and Industries, which was allowed. On June 29, 1929, plaintiff was paid as an advancement 3⅓ degrees of permanent partial disability and on October 25, 1929, his claim was closed with an additional permanent partial disability award of 16⅔ degrees. Some time later, not shown by the record, his claim was again reviewed by the Supervisor of the Department and on January 27, 1932, his claim was again closed with another additional award of 8 degrees. The total award as made being equivalent to 35%. On March 6, 1946, plaintiff filed an application to reopen his claim upon the ground that his condition had become aggravated. The Supervisor refused to reopen the claim for the reason there was no conclusive showing that the plaintiff's condition had become aggravated since his claim was closed on January 27, 1932. From that order plaintiff applied to the Joint Board for rehearing which was granted. Thereafter hearings were held and witnesses for both parties testified and their testimony has been transcribed and appears in the record of the Joint Board in this case.

"On the basis of the testimony of the medical witnesses the Joint Board ordered the Supervisor to pay an award of 50% for loss of hearing in both ears and an additional 10% of the maximum for unspecified disability, less the awards as previously made. From that order plaintiff has appealed to the Superior Court of this county. It is plaintiff's contention that he is entitled to 40% of the maximum for unspecified injuries.

"The only question for your determination is whether the decision of the Joint Board and the award as made was correct, just and adequate."

At the close of the trial, the jury, in answer to the interrogatory submitted by the court, returned a verdict finding that the plaintiff was not entitled to any additional per-

centage of unspecified permanent partial disability. The plaintiff's motion for a new trial having been denied, judgment was entered in favor of the department, and the plaintiff has appealed therefrom to this court.

Appellant's single assignment of error in this court is the refusal of the trial court to give the jury his requested instruction No. 6 which read as follows:

"You are instructed that the plaintiff need not prove that his accident was the sole cause of his permanent partial disability. If you find from a fair preponderance of the evidence that there were several causes proximately contributing to his permanent partial disability but you find that his accident was one of the contributing causes, then you shall disregard the other causes."

Appellant's exception to the court's refusal to give this instruction is stated in the statement of facts as follows:

"Mr. Gershon excepted to the failure of the court to give plaintiff's requested instruction number 6 on the grounds that the law, as set forth in said instruction, was particularly applicable to the sworn evidence introduced in this case, in as much as it was the defendant's position that plaintiff's disability, if any, was due to his age rather than to the accident, or at any event, may have been due to a combination of both; that the evidence in particular on that question was set forth on pages 21, 22, 55 and 56; and that counsel for the defendant stressed said point about plaintiff's age being·responsible for his condition in his final argument to the jury; and that the jury should, therefore, have been instructed as a matter of law, that if old age was a proximate contributing cause of the man's condition, but if his accident was also a proximately contributing cause then plaintiff would be entitled to recover for any disability he may actually have."

At the rehearing before the joint board, appellant testified that he was born December 4, 1886, and, consequently, at the time of the trial in the superior court, he was sixty-two years of age. Counsel for the department, in his argument to the jury, stressed the point that appellant's age was responsible for his physical condition.

The court gave an instruction to the jury (No. 9) as to the issue to be determined by it which (omitting the defini-

tion of legal terms and the form of the interrogatory) stated:

"The sole issue in this case is whether or not the plaintiff has established by a fair preponderance of the evidence that he did not receive an adequate award of ten per cent of maximum for unspecified disability to the head. He has already been awarded all that the evidence warrants for injury to his hearing. There is no evidence which would warrant any award for disability in eye sight. If you believe that plaintiff has established by a fair preponderance of the evidence that as a proximate result of the accident of March 2, 1929, he has suffered a disability to his head other than loss of hearing to an extent greater than ten per cent of maximum for unspecified disability, then you should find for the plaintiff and establish the additional percentage of allowance which should be granted to plaintiff for unspecified disability. Such additional allowance cannot exceed thirty per cent. If, on the other hand, you believe that plaintiff has not established by a fair preponderance of the evidence that the award of ten per cent of macimum for unspecified disability is inadequate, then you should so find by your verdict."

By this instruction the jury were told, in effect, that if they found from a preponderance of the evidence that appellant had suffered an aggravation of his disability as *a* proximate cause of the accident which had occurred in 1929, then their verdict should be for appellant. This instruction permitted the jury to find for appellant even if his age were found to be a proximate cause of his condition, so long as they also found that the accident was a proximate cause of his condition.

Appellant's own testimony as to the cause of his condition was:

"Q. Is it, do you think it is because of the accident or because you are getting older, or a combination of both? A. I'll tell you what Dr. Chase told me. Q. I would rather not hear that—I mean what somebody else told you. It's hearsay and I would have to object to it? A. I know that is true. Well, I suppose it would be both to answer that question. I don't know just how to answer that."

Appellant refers to decisions of this court which hold that each party to a legal action has a right to have his theory

of the case presented to the jury by proper instructions. See *Petersen v. Graham,* 7 Wn. (2d) 464, 110 P. (2d) 149. However, in the present case the court did, in instruction No. 9 (to which no exception was taken by appellant), submit to the jury the possibility of its finding that the 1929 accident was one of several proximate causes of his aggravation, and told them that, if they so found, their verdict should be in appellant's favor.

In our opinion, the instructions given by the court as a whole fairly submitted appellant's theory of the case to the jury. It was not error to refuse to instruct the jury in the exact language contained in his requested instruction No. 6.

The burden was upon appellant to prove that the determination of the joint board was erroneous. He failed to establish this proposition to the satisfaction of the jury. Since we find no error in the court's refusal to give the instruction requested by appellant, the verdict has the same force and effect in this case as in actions at law. *Hastings v. Department of Labor & Industries,* 24 Wn. (2d) 1, 163 P. (2d) 142.

The action of the trial court in denying appellant's motion for a new trial and in entering its judgment in accordance with the verdict must be, and it is hereby, affirmed.

SIMPSON, C. J., SCHWELLENBACH, HILL, and GRADY, JJ., concur.