[No. 31226. Department One. March 29, 1951.]

ABRAHAM HURWITZ, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

*Walthew, Gershon, Yothers & Warner,* for appellant.

*The Attorney General* and *James J. Krinbring, Assistant,* for respondent.

HILL, J.—We are here concerned with the adequacy of the instructions given in an appeal from an award made by the joint board of the department of labor and industries.

The fact of an injury in July, 1943, to claimant's right inguinal region, resulting in a hernia of some character, is conceded. The joint board allowed an award of twenty

[1] Reported in 229 P. (2d) 505.

per cent of the maximum permanent partial disability award for injuries not specifically enumerated in the statute and generally referred to as "unspecified."

The issue before the jury on the appeal to the superior court was the extent of claimant's disability attributable to the injury of July, 1943. There were three possible verdicts, i.e., (1) that the joint board was correct in its evaluation of the extent of the permanent partial disability attributable to the injury of July, 1943, (2) that there existed a greater percentage of permanent partial disability attributable to the injury of July, 1943, than that fixed by the joint board, (3) that the claimant was totally permanently disabled in consequence of that injury. The jury brought in verdict (1), and there was ample evidence to sustain it. The claimant appeals, urging that his theory of the case was not adequately presented to the jury by the instructions of the trial court.

There was evidence from which the jury might have concluded that, although the claimant continued to do very light work at two different shipyards until late December of 1945, by which time he was at least sixty-nine years of age, his permanent partial disability as a result of the injury of July, 1943, was greater than as determined by the joint board; or, in fact, the jury might have agreed with claimant's doctor, who, six months before claimant quit working, classified him as totally and permanently disabled as a result of the injury (another testimonial to the therapeutic qualities of cost-plus contracts in restoring and continuing earning capacity to the totally and permanently disabled).

The testimony developed that the claimant had a heart condition which the doctors on both sides agreed made it inadvisable to attempt to remedy his right inguinal hernia by an operation. As time went on, he developed a left inguinal hernia, and a spinal arthritis grew progressively worse. There was no evidence that the injury of July, 1943, which caused the right inguinal hernia, was responsible for the left inguinal hernia, or that it lighted up a pre-existing

arthritic condition. This is not a case in which an injury within the statutory meaning, lighted up or made active a quiescent or dormant heart, arthritic, or other condition, and the cases of *McCormick Lbr. Co. v. Department of Labor & Industries*, 7 Wn. (2d) 40, 108 P. (2d) 807, and *Long-Bell Lbr. Co. v. Parry*, 22 Wn. (2d) 309, 156 P. (2d) 225, cited by claimant, are not in point. Nor is it a case in which an injury can be said to be the proximate cause of some other condition or conditions which cause disability or death (the first link in a causal chain, so to speak), and so the case of *Fleischman v. Department of Labor & Industries*, 34 Wn. (2d) 631, 209 P. (2d) 363, cited by claimant, likewise has no applicability.

The other case cited by claimant is *Clayton v. Department of Labor & Industries*, 36 Wn. (2d) 325, 217 P. (2d) 783, and it is in point. There we were concerned with the effect of totally disconnected proximate causes (an injury and old age) on an admitted disability (loss of hearing).

██ Whether a given disability is the result of injury or or of some other infirmity is normally a question of fact. *Jacobson v. Department of Labor & Industries*, 37 Wn. (2d) 444, 224 P. (2d) 338. The claimant in the present case requested essentially the same instruction as that requested in the *Clayton* case, *supra*. In that case, we held that it was not error to refuse to give the requested instruction, because the trial court had given an instruction which adequately presented the claimant's theory of multiple proximate causes to the jury. We quoted and approved the instruction given on that subject, saying

" . . . the jury were told, in effect, that if they found from a preponderance of the evidence that appellant had suffered an aggravation of his disability as *a* proximate cause of the accident which had occurred in 1929, then their verdict should be for appellant. This instruction permitted the jury to find for appellant even if his age were found to be a proximate cause of his condition, so long as they also found that the accident was a proximate cause of his condition."

The claimant says that such an instruction should have been given in the present case so that, regardless of any other proximate causes, if the injury of July, 1943, was a proximate cause of permanent total disability or of a percentage of permanent partial disability higher than that allowed by the joint board, the jury might have found for the claimant.

In this case we find no such instruction, and we agree with the claimant that under the circumstances of this case it should have been given. It was error for the trial court not to submit to the jury the possibility of its finding that the injury of July, 1943, was one of several proximate causes of either (a) permanent total disability or (b) a higher percentage of permanent partial disability than the twenty per cent fixed by the joint board.

The judgment of dismissal entered on the jury's verdict is reversed and set aside, and the cause is remanded for a new trial.

SCHWELLENBACH, C. J., BEALS, DONWORTH, and FINLEY, JJ., concur.